Fellowes & Co. *vs* Gordon & Barnett.

ERROR TO THE LIVINGSTON CIRCUIT.

*Bailee and Bailor. Agents.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.     *June* 15.

Case stated.

WE are satisfied that the note held by Gordon & Barnett, upon the steamer Belle of Clarksville and owners, was not received, or agreed to be received by W. & C. Fellowes & Co., as absolute payment of so much of their demand against Gordon & Barnett. But it was received to be collected through the house of Fellowes, Johnson & Co., of New Orleans, with which the house of W. & C. Fellowes & Co. at Louisville was connected, and the proceeds were to be applied to the demand of W. & C. Fellowes & Co. against Gordon & Barnett. It appears, however, that in passing the note for this purpose to W. & C. Fellowes & Co., Gordon informed them in effect, that the solvency of the boat and owners, was doubtful, and that the only probable means of saving the claim, was to sue or attach the boat at New Orleans on her first arrival or trip there after the note became due, unless the note should be paid. And the note was received under directions to send it to the house at N. Orleans, with instructions to attach the boat if the debt should not be paid. The note was in fact sent by W. & C. Fellowes & Co., to the house at New Orleans, by which it was presented and payment demanded on the first arrival or trip of the boat at that city, but on payment of $100, (one sixth only of the debt,) the boat was permitted to depart, and on her arrival at Nashville a short time afterwards, she was attached for other debts, and sold before the note was returned to Gordon & Barnett, for an amount not sufficient to pay the attaching creditors; whereby the claim is, in all probability, wholly lost, or at least indefinitely postponed. If the boat had been attached at New Orleans for this debt, it would have been paid or secured. The demand

against Gordon & Barnett having been credited by the sum of $100 only on account of this transaction, they filed their bill claiming a credit for $500 more, which was decreed by the Circuit Court.

Regarding the houses at Louisville and New Orleans as merely gratuitous bailees, still having undertaken the commission and proceeded in its execution, each was bound to proceed with reasonable care and diligence, according to the terms of the mandate. And a failure in the performance of this obligation, was a breach of duty for which, on well established principles, the delinquent party is liable in case of loss produced by his neglect. A bailee receiving property under particular directions as to its disposition, impliedly undertakes to dispose of it according to those directions, and may be made liable for the loss consequent upon his failure or neglect to do so, and especially if he actually proceed with the business committed to him. If, therefore, W. & C. Fellowes & Co. received the note under the circimstances stated, and sending it to their house at New Orleans for collection, failed to communicate the instruction to attach the boat in case of non-payment on her first trip, and the claim was thereby lost, they are bound for the loss; or if these instructions were communicated to the house at New Orleans and that house undertaking the commission as it did, permitted the boat to leave the port on partial payment only, that house became liable for the consequent loss. It is certain that one or the other of these houses failed and neglected to pursue the instruction under which the note was received by it, and without any apparent excuse; and as the members of the firm of W. & C. Fellowes & Co., at Louisville, are also members of the firm of Fellowes, Johnson & Co., atNew Orleans, they are liable for the default which has accrued, either separately or jointly, with the other members of the firm of Fellowes, Johnson & Co., all of whom are parties to this suit. And we are of opinion that their liability is properly enforcible in this suit, and by way of credit or reduction upon their demand against Gordon & Barnett, upon which the proceeds of the note were to have been

credited, and to which their liability, standing in the place of the note or its proceeds, is naturally and justly applicable. In this view of the case it is immaterial whether the loss occurred by the neglect of W. & C. Fellowes & Co. or of Fellowes, Johnson & Co. The two firms can adjust the liability and loss between themselves. If either firm was unwilling to incur the trouble or responsibility or cost likely to arise under the instruction, it should have promptly declined the commission. In which case the debt might have been saved by the complainants. Having failed to do this, it was bound to prosecute it with good faith and reasonable diligence, according to the instructions. And as by a violation of this duty a loss has occurred commensurate with the unpaid portion of the note, and for which W. & C. Fellowes & Co. are liable, we are of opinion that the defendants have made the note their own, and that the Circuit Court properly decreed the credit as prayed for in the bill.

Wherefore, the decree is affirmed.

*Loughborough* for plaintiff; *M. D. McHenry* for defendants.