No. 445.

## CRISWELL *v.* RILEY.

INSURANCE.—*Fire.*—*Failure of Broker to Pay Premium.*—*Action Against for Loss.*—*Evidence.*—Where a broker was employed to procure a policy of insurance on a piece of property, and he caused to be issued and delivered to the plaintiff a policy in an insurance company of which he was not the agent, and the plaintiff paid to him the premium required to obtain said policy, to be paid by the broker to the insurance company, which payment he failed and neglected to make, and thereafter, and during the term of the policy, the premises were destroyed by fire, and the policy was non-enforceable because of the broker's failure to pay the premium, the latter was liable to the plaintiff, who believed in good faith that the premium had been paid, for the damage sustained by him by reason of such default.   For a discussion of the evidence tending to show that the broker was the agent of the plaintiff, and not of the company, see opinion.

AGENT.—*Gratuitous Service.*—*Failure to Obey Instructions.*—*Liability for Loss Occasioned Thereby.*—Where one has undertaken or entered upon a service, although it be gratuitous, it is his duty to conform to the instructions given.   The trust and confidence reposed in him furnish a sufficient consideration for the undertaking to obey instructions, and a failure to do so will subject him to liability for the loss or damage occasioned thereby.

From the Gibson Circuit Court.

*M. W. Fields* and *J. W. Ewing,* for appellant.

*L. C. Embree,* for appellee.

ROBINSON, C. J.—This was an action by the appellee against the appellant to recover a loss sustained by the appellee by fire.   It being claimed by the appellee that he employed the appellant as his agent to procure an insurance of the property destroyed by fire, and that the appellant as such agent did procure an insurance on said property for the appellee in the Kittanning Insurance Company, of Kittanning, Pennsylvania, and procured to be issued and delivered to the appellee a policy insuring said property against loss by fire by said company, and that he paid to the appellant as his agent the amount of the premium required to obtain said policy to

be paid by the appellant to said insurance company; that afterwards and before the expiration of the term of said insurance mentioned in said policy, said property was destroyed by fire; and that by reason of the appellant failing and neglecting to pay over to said insurance company said premium so paid him by the appellee, said policy was void, and the appellee could not obtain from said insurance company said loss or any part thereof.

The complaint was in three paragraphs. The appellant filed a demurrer to each paragraph, which was overruled and exceptions saved.

The appellant answered by general denial. The cause was tried by the court, with a finding and judgment for the appellee.

The appellant moved for a new trial, which was overruled and exception saved.

It is assigned for error in this court that the court erred in overruling the demurrer to each paragraph in the complaint, and in overruling the motion for a new trial.

In the discussion of the alleged error of the court in its rulings on the demurrer to each paragraph of the complaint, counsel for the appellant complain only as to the ruling on the demurrer to the first and second paragraphs of the complaint, and the cause was tried on these two paragraphs. There was no evidence introduced to sustain the third paragraph, and it will not for that reason be further noticed.

The first paragraph of the complaint, after stating appellee's ownership of the property sought to be insured, describing the same, stating the value, etc., alleges substantially the following facts: That the appellant was, on the first day of December, 1887, and had been for more than one year prior thereto, an insurance broker doing business in the city of Princeton, etc.; that while the appellant was engaged in said business the appellee applied to him as such broker for a policy of insurance against loss by fire upon

the property therein described, and the appellant then and there undertook and agreed to and with the appellee to procure for him such insurance, and afterwards, on the 22d day of December, 1887, appellant, pursuant to said undertaking and agreement, delivered to the appellee a certain duly executed policy of insurance upon the property therein described, and for the amount therein stated, purporting to have been executed by the Kittanning Insurance Company, of Kittanning, Pennsylvania, to insure and indemnify the appellee against loss by fire as to said property not exceeding the several sums specified, etc., for the period of one year from said day ; that appellee received and accepted said policy of insurance, and then and there paid over and intrusted to the appellant the full amount of the premium upon said policy and for said insurance in the sum of thirty-four dollars ; that appellant received and accepted said premium, and then and there undertook and agreed to pay over and transmit the same to said company at its office in Kittanning, Pennsylvania, but appellant wholly failed to pay over or transmit said premium to said company at its office as aforesaid or to any person, authorized to receive the same for said company, but converted the same to his own use ; that the appellant was not the agent of said company, but acted simply as a broker and on behalf of the appellee ; that one of the conditions incorporated in said policy of insurance was in the words and figures following, to wit : "This company will not be liable under and by virtue of this policy until the premium be actually paid to the company at its office at Kittanning, Pennsylvania, or for the acts of any person who may procure this insurance, unless such person is the duly commissioned and lawfully authorized agent for this company ;" that afterwards, to wit, on the 11th day of September, 1888, while said policy remained in the hands of the appellee, and within the period of time covered by said insurance, said property covered thereby, was, without fault or negligence on the part of the appellee,

totally destroyed by fire, of all of which the appellee immediately notified said company, whereupon said company notified the appellee that by reason of the non-payment of said premium it was not liable upon said policy, and refused to pay said loss or any part thereof; that in all of said matters appellee did and performed all of the conditions of said contract on his part except the payment of said premium, the payment whereof the appellee intrusted to the appellant as aforesaid, wherefore appellee was damaged, etc.

Under the facts averred in this paragraph of the complaint, it is manifestly clear that in the procurement of the insurance for the appellee the appellant was the agent of the appellee, and as such agent procured for the appellee said insurance, and that there was no relation of agent existing between the insurance company and the appellant, and that it was the duty of the appellant as appellee's agent when the appellee paid him the premium to pay it over to the insurance company in order that the policy issued to the appellee would in case of loss be binding and effectual against the company, and in case of negligence on the part of the appellant in the payment of the premium to the insurance company he became responsible to the appellee for damages.

It is claimed by the counsel for the appellant that there is no consideration alleged for the procurement of the insurance by the appellant for the appellee. Under the facts alleged a consideration was not essential. The fact that no compensation was paid by the appellee can not aid the appellant under the alleged facts. " If, in such case (gratuitous service), the agent refuses to enter upon and perform the service at all ; if his default consists in the merely not doing of a thing which he had promised to perform, and it be not a case where the law imposes upon him a duty to perform it, the fact that the performance was to be gratuitous, that the promise to perform was entirely without consideration, will furnish a complete defence to a claim for damages on account of such default. This is upon the

familiar ground that the non-performance of a gratuitous executory contract constitutes no cause of action.

But where, on the other hand, the agent has undertaken or entered upon the performance of the service, although it be gratuitous, it then becomes his duty to conform to the instructions given. If he were not willing to do so, he should have declined to serve, but having assumed the performance of the service, the trust and confidence reposed furnish a sufficient consideration for the undertaking to obey instructions, and a failure to do so will subject him to liability for the loss or damage occasioned thereby. Mechem Agency, section 478; May Insurance (3d ed.), section 124; *Thorne* v. *Deas,* 4 Johns. 84.

The facts alleged in this paragraph of the complaint were clearly sufficient to constitute a cause of action.

The second paragraph of the complaint differed in some respects from the first, but there was no substantial difference, and under the law as we have stated it this paragraph was also sufficient under the assignment of error that the court erred in overruling the motion for a new trial. The counsel for appellant contend that the finding of the court was not sustained by sufficient evidence, and that it was contrary to law. It is conceded in argument by counsel for the appellant, that if the evidence on the trial of the cause was sufficient to relieve the insurance company from liability on the policy, then the judgment was right, but if the insurance company could not successfully defend an action on the policy, then the finding in the case was erroneous; that, therefore, the single question in the case under the evidence was, "did the evidence tend to show that the appellant acted as agent for the appellee in procuring the insurance, delivering the policy and collecting the preminm, or did he act on behalf of the company?" The proposition seems clear under the law that if the appellant was the agent of the insurance company and acted on its behalf, the company was liable for the loss, but the proposition is equally clear that if the

Criswell *v.* Riley.

appellant was the agent of appellee in procuring for him the insurance, in the delivery of the policy, collecting the premium, and through his negligence failed to pay the premium received from the appellee, by reason of which the policy was forfeited or void, then the appellant was liable for the damages sustained by the fire by the appellee for the amount of the loss not exceeding the amount of the insurance, and the insurance company was exempt from liability.

The evidence tends to establish the following facts : That in the year 1887, appellant was engaged as a representative of a number of insurance companies, other than the Kittanning Insurance Company, at Princeton, Indiana. Early in that year he received a letter from the Kittanning company, stating that that company was in a shape to receive applications from his surplus business which the companies he represented refused to carry, and, as an inducement to him to send applications for such business to it, offered to allow him a commission of twenty per centum on the premiums.

In December of the same year the appellee, through his brother, Lucius F. Riley, applied to appellant for a policy of insurance on his building and chattels at Patoka, Indiana, expecting at the time to obtain insurance in one of the regular companies which appellant represented as agent. He was informed by appellant, however, that none of the companies he represented would accept any risk in the row of buildings of which appellee's was a part, but instead of such insurance appellant offered his services to procure a policy for appellee in some other company. Appellee agreed to this upon condition that the insurance obtained should be good. A few days later appellant, happening to be in Patoka, called upon Lucius F. Riley and by him was shown the property. While there he made a diagram of the property and its surroundings, and wrote out an application to the Kittanning Insurance Company for the insurance and procured the same, to be signed by Lucius F. Riley for appellee. This application in terms directed the company to

send the policy to appellant for delivery. The application was forwarded by appellant to the Kittanning Insurance Company, and in response to it, and pursuant to its direction, the policy was issued by the company and sent to appellant for delivery to appellee. Appellant delivered the policy by mail, and with it enclosed a letter to appellee setting forth the amount and number of the policy and the amount of the premium, and referring to an enclosed statement relative to the condition of the company. A few days later appellant was at Patoka, again and called upon Lucius F. Riley and informed him that the premium should be remitted within twenty days or the policy would not be good. Riley did not have the money at the time, but a few days later he came to Princeton and called upon appellant, gave him the full amount of the premium, which appellant received and promised to transmit to the company. Appellant never sent the money to the company, but converted it to his own use. In March, 1888, appellee received a statement from the company requesting him to remit the premium by return mail. Immediately upon receiving this statement, appellee, by his brother, called upon appellant and inquired of him what it meant, whereupon appellant informed him that it was a mistake on the part of the company; that the statement was intended for one William Rike, who also had a policy but had failed to pay his premium. This satisfied appellee, and until his building was burned in September following, he was under the impression that the conditions of his policy had been complied with. The policy, however, contained a condition by the terms of which the company was not liable until the premium should be actually paid to the company at its office in Kittanning, Pennsylvania. Because of the non-payment of the premium the company declined to pay the loss, whereby appellee was damaged as found by the court.

The condition in the policy was as follows: " This company will not be liable under and by virtue of this policy

Criswell *v.* Riley.

until the premium be actually paid to the company at its office at Kittanning, Pennsylvania, or for the acts of any person who may procure this insurance unless such person is the duly commissioned and lawfully authorized agent for this company." With this condition in the policy, with the evidence in the case before us, under the anthorities, the insurance company was not liable for the loss of the appellee. It is unnecessary for this court to take up in detail the various questions discussed by counsel under the evidence. It is sufficient to say that by the evidence it appears that the appellant was the agent of the appellee in the procurement of said insurance, the payment of the premium to the insurance company after having received the same from the appellee and in attending to all matters connected therewith ; that the appellant was in no sense the agent of the insurance company ; that it was through his fault and negligence in not paying over the premium to said company that the policy of insurance he undertook and agreed to procure for the appellee could not be enforced against said insurance company, and that under the evidence in the case the appellant became liable to the appellee for the damages found by the court.    Among the numerous authorities sustaining this conclusion we cite the following :    *Hartford Fire Ins. Co.* v. *Reynolds,* 36 Mich. 502 ; *Marland* v. *Royal Ins. Co.,* 71 Pa. St. 393 ; *Wilber* v. *Williamsburg City Fire Ins. Co.* (N. Y.), 25 N. E. Rep. 926 ; *Pottsville, etc., Ins. Co.* v. *Minnequa Springs, etc., Co.,* 100 Pa. St. 137 ; Mechem Agency, sections 80, 84, 85, 86, 87, 454, 455, 475, 510, 525, 927, 931 ; *Sun Mutual Ins. Co.* v. *Saginaw Barrel Co.,* 114 Ill. 99.

The judgment is affirmed, at appellant's costs.

## On Petition for a Rehearing.

Crumpacker, C. J.—It is argued with much force and plausibility by counsel for appellant, in their brief, in support of the petition for a rehearing, that this court erred in

deciding that appellant was not the agent of the insurance company in receiving payment of the premium. Counsel concede that if he was not such agent, and the company was not bound by the payment to him, the decision is right and ought to stand. There is a well recognized distinction between insurance agents and brokers in their relations with insurance companies. A broker has no general authority to act for an insurance company, but the intrusting to him of a policy issued through his procurement, for delivery to the assured is, ordinarily, held sufficient to constitute him the agent of the company for the purpose of collecting the premium, and payment to him under such circumstances will bind the company. This distinction was recognized in the case of *Indiana Ins. Co.* v. *Hartwell,* 123 Ind. 177, wherein the court declared: "The authority of the agent is recognized in advance, while in the other it is not recognized until what has been done is accepted and adopted by the insurance company." The agency of the broker is often established upon the doctrine of ratification. There may have been such a course of dealing between the company and the broker as to give the latter the character of an agent in general, by legal implication, as was asserted in the Hartwell case, but in the absence of such implied authority the agency of a broker is special and limited; and while the fact that the broker is intrusted with a policy for delivery to the assured usually gives him authority to collect the premium thereon, that fact is not conclusive evidence of such authority. An insurance company may send a policy to a broker for delivery, and still withhold from him authority to receive payment of the premium, in which event he would not be the company's agent for that purpose, and payment to him would not bind the company, provided the assured had notice of his restricted authority. But if the assured did not have such notice, he would be justified by the broker's possession of the policy, in treating him as the company's agent to collect the premium.

Having invested him with the *indicia* of authority, upon
familiar principles, the company would be forbidden to re-
pudiate his agency in a controversy with one who was led to
treat with him as an agent.   In the case in judgment ap-
pellant informed appellee that no company for which he was
agent would carry the risk, but he undertook for appellee to
place it with another company.   He did not at any time
claim to be an agent of the company which undertook the
insurance.   Appellee signed the application, in which the
policy was directed to be sent to appellant for delivery, but
the policy contained a condition requiring payment of the
premium to be actually made to the company at its home
office at Kittanning, Pennsylvania, or the insurance would
be inoperative.

The court was authorized to conclude that appellee was
fully cognizant of such condition before he paid the pre-
mium to appellant.   The very thing which might, other-
wise, have conferred authority upon appellant to collect the
premium forbade its payment to him, and appellee knew it.
It is true the company agreed to pay appellant a commission
upon the premium, and that is a strong circumstance tend-
ing to establish agency, but it is not conclusive.   Real estate
agents receive commissions for procuring purchasers for real
estate, yet that fact does not, necessarily, give them author-
ity to receive payment of the purchase-money from the ven-
dee.

There was evidence fairly tending to prove that appellant
did not assume to act as agent of the insurance company,
and that he had no authority to collect the premium upon
the policy in question ; also, that appellee did not treat with
him as such agent, and knew that he was destitute of author-
ity to collect the premium, but intrusted the money to him
as his own agent, to transmit to the company.   There was
some conflict in the evidence, and differently constituted
minds might reasonably have drawn different inferences
from it, but the function of weighing the evidence rests en-

tirely with the trial court. In the Hartwell case, in view of the relations of the brokers with the insurance company, the court deduced the legal inference of agency respecting the particulars involved in that controversy. In this case, in view of different relations, another conclusion is reached. The same principles control the conclusions in both cases.

The petition is overruled.

Filed April 12, 1892; petition for a rehearing overruled Dec. 14, 1892.