Civil action to recover damages for failure to procure a policy of insurance protecting plaintiff's automobile in case of collision, etc. At the close of plaintiff's evidence, on motion, there was judgment of nonsuit, and plaintiff excepted and appealed.
There was evidence on the part of plaintiff tending to show that on or about 31 March, 1919, the plaintiff entered into a contract with defendant company, doing business, among other things, as insurance agents and brokers, to procure a policy of $5,000 on the car of defendant, affording protection against damage by fire or collision or other kind of accident. That shortly thereafter the said agent come to plaintiff, who was at the time presently engaged at his business in a tobacco warehouse, and told witness he had obtained the policy desired, and had left same for plaintiff at the garage with the proprietor, who had put the policy in the latter's *Page 643 
safe. Plaintiff, with a view of then paying the premium, asked for the amount, and was told by the agent, an officer and one of the owners of the defendant company, that plaintiff had 60 days in which to pay the premium, and it appeared that the premium was paid after the accident and after suit was instituted against defendant. That within a week from this time, or near that, plaintiff's car, in a collision, sustained damages to the amount of $1,000, and on application or preparation through the same agent for adjustment with the insurance company which had issued the policy, it was ascertained that the policy did not extend to or cover such damages. There was evidence to the effect further that during the time the policy remained in the safe, and before the injury, when plaintiff's car had a near accident but sustained no pecuniary damage, the agent had assured plaintiff that in any event plaintiff was protected, as the policy he had procured covered risks of that kind, and that on another occasion when the owner of another car was about to procure insurance against accident and collision, through defendant, plaintiff being present, the agent referring to plaintiff said he had a policy of the kind on the car owned by him; and, (602) also, that when plaintiff reported the loss, and it was found on examination that the risk was not covered, the same agent, Mr. Smithdeal, expressed his regret, saying, "Mr. Elam, I misrepresented this to you, and I am just as sorry as you are; I thought you were insured." Upon this, a statement of the facts chiefly pertinent to the inquiry, we are of opinion that the judgment of nonsuit should be set aside and the cause submitted to the jury. It is very generally held that where an insurance agent or broker undertakes to procure a policy of insurance for another, affording protection against a designated risk, the law imposes upon him the duty, in the exercise of reasonable care, to perform the duty he has assumed, and within the amount of the proposed policy he may be held liable for the loss properly attributable to his negligent default. Rezac v. Zima et al.,96 Kan. 752; reported, also, in Ann. Cas., 1918 B, p. 1035; Thomasv. Funkhouser, 91 Ga. 478; Backers v. Ames, 79 Minn. 145; Lindsayv. Pettigrew, 5 S.D. 500; Criswell v. Riley, 5 Ind. App. 496;Reed Mfg. Co. v. Wurt, 187 Ind. App. 379; Fellows Co. v. Gordon Barnett, 47 Ky. 415; Mechem on Agency, sec. 1258. In resistance to the application of the principle to the facts of the present record, we are cited to a number of authorities to the effect that a policy of insurance, when issued, is considered as expressing the contract between the parties, and has the effect of shutting off prior or contemporaneous parol inducements and assurances in contravention of the written policy. The position, in proper instances, is very generally recognized, and has been approved in many cases in this *Page 644 
jurisdiction. Clements v. Ins. Co., 155 N.C. 61-62; Floars v. Ins.Co., 144 N.C. 232. But in the instant case the action is not one against the insurance company in which plaintiff is seeking to hold it liable for an obligation not contained in the written policy, but plaintiff sues the agent and broker for negligent failure to perform a duty he had undertaken and assumed as agent, by which plaintiff has suffered the loss complained of, and in our opinion the authorities cited are not apposite to the question presented on the record. It is further insisted for defendant that no cause of action is disclosed because there is no consideration given for defendant's promise, but the better considered decisions on the subject are to the effect that while the agent or broker in question was not obligated to assume the duty of procuring the policy, when he did so, the law imposed upon him the duty of performance in the exercise of ordinary care, and, as a matter of contract, it is said in some of the cases on the subject that the trust and confidence imposed on him as agent afforded a sufficient consideration for the undertaking and carrying out the instructions given. Crisswell v. Riley, supra, and in Reed v. Wurts, supra, presiding Justice Baume, delivering the opinion, quotes (603) with approval from 1 Joyce on Insurance, sec. 687, as follows: "If a person voluntarily, without consideration and without expectation of remuneration or reward, agrees to procure an insurance, and actually takes steps in the matter, he is responsible for misfeasance, and if he proceeds to effect a policy, and is so negligent and unskilled that no benefit is derived therefrom, he is liable, although he was not bound to undertake the performance." And it would seem that the promise to take the policy would suffice as a consideration. Again, it is contended that defendant may not be held liable for this loss because of his own negligent default in not ascertaining the contents of the policy and having taken out a policy which would have afforded him the protection he desired. It is an established principle with us, subject to some qualifications not pertinent to this inquiry, that in case of breach of contract, which is definite and entire, or tort committed, it is incumbent upon the injured party to do what reasonable care and business prudence requires to minimize the loss, and for damages thereafter occurring and incident to his own breach of duty no recovery should be allowed the same being regarded as too remote. Yowman v. Hendersonville,175 N.C. 574-579; Hocutt v. Tel. Co., 147 N.C. 193; Bowen v. King,146 N.C. 385; R.R. v. Hardware Co., 143 N.C. 54; 8 R.C.L., p. 442, and it is also held with us, in accord with principles very generally prevailing, that where a person of mature years, of sound mind, who can read or write, signs or accepts a deed or formal contract affecting his pecuniary interest, it is his duty to read it, and *Page 645 
knowledge of the contents will be imputed to him in case he has negligently failed to do so. But this is subject to the qualification that nothing has been said or done to mislead him or to put a man of reasonable business prudence off his guard in the matter. Clements v. Ins. Co., 155 N.C. 61-62;Floars v. Ins. Co., 144 N.C. 233. The latter citing, among the authorities,Bostwick v. Ins. Co., 116 Wis. 392.
In the present case, as it now appears, there are facts in evidence tending to show that plaintiff had the policy in his possession for some little time before the collision, and from reading it he could have ascertained that it did not afford any protection in case of collision. There are facts further to the effect that the policy was not delivered to him personally, but at a time when he was busily engaged in a tobacco warehouse, and same was left for him with the proprietor of the garage where his car was kept, and that several times while the policy was so placed and before the collision things were said and done by the agent giving assurance that the policy gave the protection contracted for, and, on application of the principles stated, we are of opinion that the cause should be submitted to the jury on the question whether the failure to hold an adequate policy is due to plaintiff's own negligence in not reading his policy and taking out one sufficient to protect him. It (604) is ordinarily true that for breaches of duty involved in the contract of agency the principal may sue either for breach of contract for faithfulness or in tort for a breach of duty imposed by the same. 31 Cyc. 1609.
Where, in a case of this kind, the action is for tort, and there is a negligent default on the part of plaintiff contributing to the injury, this would have the effect of defeating the action. But where the action is brought for breach of contract, and that is established, contributory negligence is not allowed to defeat the action in toto, but the negligence of the claimant contributing to the injury is not to be properly considered on the issue as to damages. Hale on Damages, p. 68.
In the present case plaintiff has elected to sue for breach of contract of agency causing the damages complained of, and, if this should be established, the cause will be further considered on the question of damages, and if it is made to appear on the facts, as they may be accepted by the jury, that the failure to have an adequate policy affording protection is due to plaintiff's own negligent default in not ascertaining the defect in the policy held by him, and procuring another, in that event the damages would be nominal. *Page 646 
This will be certified that the judgment of nonsuit be set aside and the cause tried by the jury on appropriate issues.
Reversed.
Cited: Fox v. Ins. Co., 185 N.C. 125; R. R. v. Lumber Co., 185 N.C. 234;Case v. Ewbanks, 194 N.C. 779; Burton v. Ins. Co., 198 N.C. 501; Pierce v.Bierman, 202 N.C. 279; Boney, Comr. v. Ins. Co., 213 N.C. 566; Meiselman v.Wicker, 224 N.C. 418; Bank v. Bryan, 240 N.C. 612; Equipment Co. v.Swimmer, 259 N.C. 74; Hildreth v. Casualty Co., 265 N.C. 569; Wiles v.Mullinax, 267 N.C. 395.