## W. B. CASE v. EWBANKS, EWBANKS & COMPANY.

(Filed 21 December, 1927.)

1. **Insurance — Fire Insurance — Principal and Agent — Contracts — Damages.**

   Where the general agent of a fire insurance company for a limited territory, through the negligence of an employee, fails to write into the policy a statement required to make it valid, the agents are liable in damages to the insured for loss by fire, in an action based solely on that ground, and not upon the invalid contract of insurance negligently issued by them.

2. **Same—Court's Jurisdiction—Federal Courts—Election of Remedies—Estoppel.**

   Where a nonresident defendant fire insurance company has upon petition removed a cause from the State to the Federal Court upon a policy of insurance that was void in that jurisdiction, but not in the jurisdiction of the courts of this State, and the Federal Court has adjudicated that the plaintiff could not recover under the contract for a loss by fire, the plaintiff may thereafter bring action in the State court against the agents and recover damages from them occasioned by their own neglect in not inserting a provision in the policy that would have rendered it valid, the subject-matter of the latter action being based upon negligence and not on the policy contract, and the application of the doctrine of the election of remedies has no force.

3. **Same.**

   The law upon which the principle of the election of remedies does not apply under the facts of this case, is not affected by the fact that in the action in the Federal Court the plaintiff recovered damages under the fire insurance contract for the loss of his furniture, but was denied recovery because in the court of Federal jurisdiction the policy sued on was void as to real property.

APPEAL by defendants from *Moore, J.,* at August Special Term, 1927, of HENDERSON. No error.

Action to recover damages for breach of contract by which defendant, as insurance agents and brokers, agreed to procure for and to issue to plaintiffs a policy of insurance, insuring him against loss or damage, by fire, on a building owned by plaintiff.

From judgment on the verdict sustaining the allegations of the complaint, defendants appealed to the Supreme Court.

*O. F. V. Blythe and Shipman & Justice for plaintiff.*

*Ewbanks, Whitmire & Weeks, John M. Robinson and McD. Ray for defendants.*

CONNOR, J.  On 24 August, 1923, plaintiff was the owner of a building located on a lot in the town of Hendersonville, N. C.  The lot on which the said building was located was owned in fee simple by Dr. J. S. Brown.  A few days prior to said date, at a public sale conducted for the owner of said lot and building, Mrs. M. C. Dotson, plaintiff had purchased the building, and Dr. Brown had purchased the lot.  The building had been used for many years as a hotel or boarding house. There was evidence tending to show that said building was worth from $8,000 to $9,000.  At the time plaintiff bought the building he also purchased from Mrs. Dotson the furniture contained therein.  Plaintiff, who had occupied the building prior to said sale, under a lease from Mrs. Dotson, and used same as a hotel or boarding house, continued to use the same for such purpose until it was destroyed by fire in December, 1923.

Prior to the sale of the lot to Dr. Brown, and of the building to plaintiff defendants, as insurance agents had issued to Mrs. Dotson, the owner of the building and lot, a policy of fire insurance on the building in the sum of $5,000.  After the sale defendants, who were fully informed that plaintiff had become the owner of the building and that Dr. Brown had become the owner in fee simple of the lot on which the building was located, agreed with plaintiff to procure for and to issue to him a policy of fire insurance on said building in the sum of $5,000, and on the furniture contained therein in the sum of $1,000.  At the time of this agreement defendants advised plaintiff that as he was not the owner in fee simple of the lot on which the building was located, he would be required to procure a lease from Dr. Brown for the lot, in order that the policy should be valid.  In accordance with this advice plaintiff procured a lease for the lot for twelve months from Dr. Brown, and so notified defendants, who thereupon informed plaintiff that they had procured for and had issued to him a valid policy in accordance with their agreement.  Plaintiff then paid to defendants the sum of $68.70, as the premium for said policy.  Defendants did not deliver the policy to plaintiff at this time, but in accordance with their offer, which was accepted by plaintiff, retained it in their possession for plaintiff. For this reason plaintiff did not read the policy, or hear it read, prior to the destruction of the building and furniture by fire.  He relied upon defendants' assurance, when he paid the premium, that they had issued to him a valid policy.  Before the expiration of said policy, in December, 1923, the said building and its contents, without any fault or want of care on the part of plaintiff, was completely destroyed by fire.

After the destruction of the building and its contents by fire, plaintiff called on defendants for his policy of insurance, in order to make a claim thereunder for his loss.  Defendants then delivered to plaintiff a

policy of insurance, dated 24 August, 1923, issued by defendants as agents for the Northern Assurance Company, Limited, of London, in form sufficient to insure plaintiff against loss or damage by fire, on his building in the sum of $5,000, and on the furniture contained therein in the sum of $1,000. It was stipulated, however, in said policy that same was void if plaintiff was not at the time of its issuance the owner in fee simple of the land on which the building was located, and that such stipulation was not waived, unless such waiver was in writing attached to the policy. The policy was in the form prescribed by statute. C. S., 6437.

The policy delivered by defendants to plaintiff did not contain a waiver of the stipulation with reference to the title of plaintiff to the land on which the building was located. No clause was inserted therein or attached thereto containing such waiver. The company denied liability under the policy for loss on either the building or the furniture, for that plaintiff was not at the date of its issuance the owner in fee simple of the land on which the building was located. It contended that the policy was void both as to the building and as to the furniture.

Notwithstanding the absence from the policy of a clause showing that plaintiff's title to the land was that of a lessee, and not that of an owner in fee simple, and notwithstanding the company's denial of liability under the policy for this reason, plaintiff commenced an action in the Superior Court of Henderson County against the company to recover on the policy. This action, in which the amount involved was over $3,000, upon the petition of the company, a nonresident of the State of North Carolina, and sole defendant therein, was removed from the State court to the District Court of the United States for the Western District of North Carolina for trial, under the provision of the act of Congress. The action was thereafter tried in said District Court at Asheville, N. C. The said trial resulted in a judgment that plaintiff recover of the company the sum of $1,000 and interest on account of the loss by fire of his furniture, and that he recover nothing on account of the loss of his building by fire. It was held in said District Court that the policy with respect to the building was void, because of the violation of the stipulation relative to plaintiff's title to the land, but that said policy was valid with respect to the furniture, for that said stipulation had reference to the building but not to the furniture. Upon advice of counsel that said judgment was in accordance with the law as held in the Federal Courts upon the facts as contended by plaintiff, and as found by the jury, plaintiff did not perfect his appeal from said judgment to the Circuit Court of Appeals for the Fourth Circuit. The judgment was affirmed by said Court of Appeals

upon the appeal of the company. 12 F. (2d), 551. Plaintiff has received from the company the amount due on the judgment rendered in the District Court of the United States, and said judgment has been fully satisfied.

Plaintiff thereafter commenced this action in the Superior Court of Henderson County to recover of defendants, as insurance brokers and agents, damages for their negligent failure to procure for and to issue to him a policy of insurance, insuring plaintiff against loss or damage by fire on his building, in accordance with their contract and agreement with him. The issues submitted to the jury were answered in accordance with the contentions of plaintiff, and from the judgment in accordance with the verdict, defendants have appealed to this Court.

The evidence offered at the trial tends to establish the facts as above stated. Indeed, the material facts upon which plaintiff contends that defendants are liable to him in this action are not controverted. Defendants admit, both in their answer to the complaint and by the testimony offered in evidence in their behalf, that a clerk in their office inadvertently failed to insert in the policy, or to attach thereto a clause showing that plaintiff was not the owner in fee simple, but was lessee of the land on which the building was located at the time the policy was issued. They also admit that they knew at said time that plaintiff was not the owner in fee simple of the land. F. A. Ewbank, one of the defendants, testified as follows: "I was the agent for the Northern Assurance Company, Limited, of London, when I wrote this policy. The only transaction I had with Mr. Case was when he came into my office and stated that he had bought this house, and that Dr. Brown had bought the land. I stated to him that it would be necessary for him to have a lease, and he said that he had made arrangements with Dr. Brown; that he had a lease from him for twelve months. The reason that we did not get the clause in the policy was the failure of the stenographer who wrote the policy to put it in. It was our full intention to get the lease statement in the policy, but we failed to do it. The clause was left out inadvertently."

Defendants, by their motion for judgment as of nonsuit, first made at the close of plaintiff's evidence, and renewed at the close of all the evidence, presented to the court below their contention that plaintiff is not entitled to recover of defendants in this action because, with full knowledge of all the facts affecting the validity of the policy, he had after the loss occurred sought to hold the company liable under said policy in the action which was removed to and tried in the United States District Court. By their assignment of error based on their exception to the refusal of the court to allow their motion at the close

of all the evidence, they now present to this Court, upon their appeal from the judgment rendered on the verdict, their contention that there was error in such refusal.

The right of plaintiff to maintain this action in the first instance against defendants is fully supported by *Elam v. Realty Co.,* 182 N. C., 599, 109 S. E., 632, 18 A. L. R., 1210. In his opinion in that case *Hoke, J.,* says: "It is very generally held that where an insurance agent or broker undertakes to procure a policy of insurance for another, affording protection against a designated risk, the law imposes upon him the duty, in the exercise of reasonable care, to perform the duty he has assumed, and within the amount of the proposed policy he may be held liable for the loss properly attributable to his negligent default." In the instant case there was evidence to sustain the findings of the jury that defendants negligently failed to insert in the policy a clause showing that plaintiff was lessee and not owner in fee of the lot on which the building was located at the date of the issuance of the policy and that plaintiff is entitled to recover of defendants as damages the sum of $5,000. Defendants rely principally upon their contention that plaintiff, having with full knowledge of all the facts affecting the validity of the policy, elected to sue the company, upon the contention that the policy was valid and enforceable against the company, cannot now maintain this action against defendants, as agents for the company, upon the contention that it was void.

Plaintiff, however, is not seeking to recover of defendants in this action upon the same cause of action as that upon which he sought to recover of the company. He sued the company upon the allegation that the policy issued to him by its agents was valid, when it was adjudged by a court of competent jurisdiction that the policy was void, with respect to the building, he sued the defendants upon the allegation that they had negligently failed to procure for and to issue to him a valid policy of insurance on said building in accordance with their agreement. The doctrine with respect to election between inconsistent remedies has no application upon the facts of this case. This doctrine is founded upon the principle stated in *Rounsaville v. Ins. Co.,* 138 N. C., 191, as follows: "The general principle is that when a person contracts with another who is in fact an agent for an undisclosed principal, he may, upon discovery of the principal, resort to him or to the agent with whom he dealt, at his election. When, however, he comes to a knowledge of the facts and elects to hold the agent, he cannot afterwards have recourse to the principal." Plaintiff is not seeking to hold defendants liable on a contract to insure his building; he seeks to recover of them damages for breach of contract to procure for and to issue to him a

valid policy. There is no contention by plaintiff that defendants are liable to him on a contract of insurance; he contends that they are liable for negligent failure to procure for and to issue to him such contract.

If the plaintiff's action against the company had been tried in the Superior Court of Henderson County, instead of in the District Court of the United States, the policy of insurance, upon the admitted facts, would have been held valid, for it is held in the courts of this State that the provisions in a policy of insurance which restrict the agent's power of waiver, do not as a rule apply to an agent who has knowledge of the conditions existing at the inception of the contract. These conditions, it is held by us, may be waived by the agent although embraced in the policy when it is delivered, for in these circumstances the agent's knowledge is the knowledge of the principal. *Aldridge v. Ins. Co., ante,* 683; *Smith v. Ins. Co.,* 193 N. C., 446; *Bullard v. Ins. Co.,* 189 N. C., 34; *Ins. Co. v. Lumber Co.,* 186 N. C., 269; *Johnson v. Ins. Co.,* 172 N. C., 142. It is held otherwise in the Federal Courts. *Northern Assurance Co., Ltd., of London v. Case,* 12 F. (2d), 551. In his opinion in that case *Parker, Circuit Judge,* says: "In the Federal Courts it is well settled that where, as in this case, the policy provides that no officer or agent shall have power to waive any of its terms, except by written endorsement, mere knowledge on the part of the agent issuing the policy does not waive breach of the conditions therein contained." Plaintiff could not have maintained this action against defendants if the policy delivered to him by them had not been adjudged invalid with respect to the building by a court having jurisdiction of the action brought by plaintiff against the company. His cause of action against defendants, as stated in his complaint, for damages, arose only upon such adjudication, and he was, therefore, not put to an election, prior to the rendition of the judgment in the action which was removed to and tried in the Federal Court, as to whether he would sue the company as principal or the defendants as agents.

Furthermore, although the company denied liability under the policy for plaintiff's loss by the destruction of both his building and his furniture, upon its contention that it was void as to both, it was held in the Federal Court that the policy, while void as to the building, was valid as to the furniture. Judgment was therefore rendered that plaintiff recover of the company on the policy for the loss by fire of his furniture. The judgment in that respect is supported by authoritative decisions of the Federal Court. *Downey v. German Alliance Ins. Co.* (C. C. A., 4th), 252 Fed., 701. It would have been held otherwise by the courts of this State, upon the authority of *Coggins v. Ins. Co.,* 144 N. C., 8. See *Mortt v. Ins. Co.,* 192 N. C., 8, in which *Coggins v. Ins.*

*Co.* is followed as an authority. It cannot be held that plaintiff is estopped from maintaining this action against defendants, upon the principle of election of remedies by his action against the company in which he recovered judgment upon the policy against the company upon the holding that the policy was valid with respect to the furniture.

We find no error in the refusal of defendants' motion for judgment as of nonsuit. We have considered the other assignments of error based upon exceptions appearing in the case on appeal. They cannot be sustained. Upon the facts admitted in the pleadings, and found by the jury, as appears from their answers to the material issues submitted by the court, defendants are liable to plaintiff in this action and the judgment is affirmed.

No error.