LLOYD P. SLOAN, JR., D/B/A/ SLOAN INSURANCE AGENCY v. JOSEPH EARL WELLS

No. 772DC715

(Filed 11 July 1978)

Insurance § 2.3— alleged failure to procure insurance—insufficiency of evidence

The trial court properly directed a verdict for plaintiff on defendant's counterclaim which alleged breach of contract by plaintiff and negligence in failing to insure a Franklin Logger owned by defendant which was destroyed by fire, since defendant's evidence was insufficient with respect to the risk

insured against (whether fire, liability, or comprehensive), the duration of the risk (whether six months or one year), and the premium consideration to be paid for the proposed insurance contract.

APPEAL by defendant from *Ward, Judge*. Judgment entered 17 May 1977 in District Court, BEAUFORT County. Heard in the Court of Appeals 30 May 1978.

Plaintiff instituted this civil action by filing a complaint on 27 November 1974 alleging that defendant was indebted to him in the amount of $2,882.65 with interest for certain insurance coverage sold by plaintiff to defendant. Defendant filed answer denying liability for the premiums due and counterclaimed, alleging that plaintiff failed to insure a Franklin Logger, which was later destroyed by fire; and further, that plaintiff negligently breached his contract with defendant to procure physical damage coverage on the Franklin Logger, and by reason of such, defendant was damaged in the amount of $12,500.00. Plaintiff replied to the counterclaim and denied liability.

Plaintiff testified that he provided policies of insurance for defendant on motor vehicles of defendant from 25 July 1972 through 1 November 1973. "I made demand on Mr. Wells for payment by going to see him back in the woods where he was working and went over this statement with him item by item. . . . the coverage . . . was basically motor vehicles, trucks, a Toyota, and a Volkswagen, and I believe one liability and a health and accident insurance policy . . ."

Defendant's evidence tended to show that he ". . . was in the logging business . . ." and had ". . . some tractor trailers, some tractors in the woods, chainsaws, hydraulic loader, two pick-up trucks, and a couple of cars." He had insurance on the vehicles with plaintiff, but had coverage elsewhere on "the woods equipment."

On 10 September 1973, defendant went to see plaintiff with reference to insuring his Franklin Logger. He inquired about the rates on the logger with coverage of $16,000.00 and coverage of $12,500.00; plaintiff quoted the rates, and defendant decided upon coverage of $12,500.00 and asked plaintiff to "place insurance coverage on it." He gave plaintiff the serial number of the logger. Plaintiff assured him that the logger was insured, and he did not

try to obtain any other insurance for the logger. After 10 September 1973, the logger caught on fire and burned—"I don't recall the date." The loss was reported to the plaintiff, but plaintiff did not have coverage on the logger. Defendant never offered to pay plaintiff any or all of the $2,882.65 debt.

Plaintiff's evidence in rebuttal tended to show that he did not have any conversation with defendant concerning a Franklin Logger on 10 September 1973. Plaintiff had correspondence with the Department of Insurance in June 1974, and in reply to the letter he wrote: "As to the Franklin logger I can only say that it was discussed, that I did make notations as to serial numbers, amounts, etc. We did discuss possible premiums, but to say that I was instructed to insure the piece of equipment, I cannot." In the same letter he wrote, "He did tell me later that he had asked me if I had the tractor insured and I advised him I did, but I do not think of a Franklin Logger as a tractor."

At the close of all the evidence, the plaintiff moved for directed verdict on defendant's counterclaim, and the motion was allowed. The jury answered the issue and returned a verdict in favor of the plaintiff against the defendant in the amount of $2,882.65. The defendant appealed.

*Rodman, Rodman, Holscher & Francisco, by Edward N. Rodman; and William P. Mayo, for plaintiff appellee.*

*McCotter & Mayo, by Hiram J. Mayo, Jr., for defendant appellant.*

ERWIN, Judge.

Defendant assigns as error the granting of the plaintiff's motion for a directed verdict on the defendant's counterclaim by the trial court. We hold that this motion was properly allowed pursuant to Rule 50(a).

On motion by plaintiff for a directed verdict on a counterclaim of defendant, the trial court must determine the preliminary question of whether all of the evidence which tends to support defendant's case on the counterclaim, taken as true and considered in the light most favorable to the defendant, giving him the benefit of every fact and inference of fact pertaining to the issue which may be reasonably deduced from the evidence,

is sufficient to submit to the jury. *Mann v. Transportation Co.* and *Tillett v. Transportation Co.*, 283 N.C. 734, 198 S.E. 2d 558 (1973).

> "It is very generally held that where an insurance agent . or broker undertakes to procure a policy of insurance for another, affording protection against a designated risk, the law imposes upon him the duty, in the exercise of reasonable care, to perform the duty he has assumed and within the amount of the proposed policy he may be held liable for the loss properly attributable to his negligent default." *Elam v. Realty Co.*, 182 N.C. 599, 602, 109 S.E. 632, 633 (1921).

*Accord: Wiles v. Mullinax*, 267 N.C. 392, 148 S.E. 2d 229 (1966), *Johnson v. Tenuta & Co.*, 13 N.C. App. 375, 185 S.E. 2d 732 (1972).

Defendant attempted to enforce liability on the part of the plaintiff on the theory of breach of contract and also on the theory of negligent default in the performance of his duty imposed by contract as permitted by Rule 13(a) of the Rules of Civil Procedure. In order for defendant to recover on either of the theories of his counterclaim, he must present some evidence to establish a contract of insurance as described in his counterclaim. The plaintiff relies on a decision of the Supreme Court of Oregon in *Rodgers Ins. v. Andersen Machinery*, 211 Or. 459, 469, 316 P. 2d 497, 501-2 (1957), which held,

> ". . . [W]e believe that a contract to procure insurance should be proved with the same certainty as an oral contract of insurance or agreement to insure. The essential elements of such an agreement were first stated by this court in *Cleveland Oil Co. v. Ins. Society*, 34 Or 228, 233, 55 P 435, in the following language:

>> 'In order to make a valid contract of insurance,' says Mr. Wood, in his work on Fire Insurance (2 ed.) § 5, 'several things must concur: First, the subject-matter to which the policy is to attach, must exist; second, the risk insured against; third, the amount of indemnity must be definitely fixed; fourth, the duration of the risk; and, fifth, the premium or consideration to be paid therefor must be agreed upon, and paid, or exist as a valid legal charge against the party insured where payment in ad-

vance is not a part of the condition upon which the policy is to attach. The absence of either or any of these requisites is fatal in cases where a parol contract of insurance is relied upon.' . . ."

We conclude that defendant presented sufficient evidence to submit the following issues to the jury on the question of whether or not a proposed insurance contract was entered: (1) the subject matter to which the policy was to attach was a Franklin Logger, (2) the amount of indemnity or the proposed insurance contract was $12,500.00. However, defendant's evidence was fatal on the following issues: (1) the risk insured against (whether fire, liability, or comprehensive), (2) the duration of the risk (whether six months or one year), (3) the premium consideration to be paid for the proposed insurance contract. The evidence did not show that the premiums were paid or that the plaintiff charged the defendant for such insurance. In view of the record before us and the lack of evidence on the part of defendant, we are compelled to hold that the trial court properly granted plaintiff's motion for directed verdict of defendant's counterclaim under Rule 50(a) of the Rules of Civil Procedure.

The trial court allowed plaintiff's motion to strike defendant's answer: "No, I thought the tractor was insured." This assignment of error is without merit in view of our holding that the directed verdict was proper.

The evidence presented by plaintiff was sufficient for the jury to answer the issue submitted to it in favor of plaintiff.

In the trial below, we find

No error.

Judges BRITT and ARNOLD concur.