**In re DeLois Jones JONES, a/k/a DeLois Jones Thompson, Debtor.**

**REYMET FEDERAL CREDIT UNION, Plaintiff,**

v.

**DeLois Jones JONES, a/k/a DeLois Jones Thompson, Defendant.**

**Bankruptcy No. 80–01366.
Adv. No. 80–0143.**

United States Bankruptcy Court,
E. D. Virginia,
Richmond Division.

March 30, 1982.

Archie C. Berkeley, Jr., Richmond, Va., for plaintiff.

Lewis S. Pendleton, Jr., Mechanicsville, Va., for defendant.

## MEMORANDUM OPINION

BLACKWELL N. SHELLEY, Bankruptcy Judge.

This matter comes on upon the filing by Reymet Federal Credit Union (Reymet), Plaintiff herein, of a complaint pursuant to 11 U.S.C. § 523(a)(6) to determine the dischargeability of a debt incurred by DeLois Jones Jones (Jones). After trial and upon the submission of briefs in argument the Court makes the following determination.

## STATEMENT OF FACTS

Jones purchased a 1979 Chevrolet Monte Carlo automobile from Hechler Chevrolet, Incorporated in May, 1979 and Reymet obtained a purchase money security interest in that vehicle by serving as co-maker of the note. This note was dated May 25, 1979 and it was in the amount of $7,151.74. The note has an outstanding, unpaid balance of $5,571.24.

When Jones purchased the automobile she called Wilmer Chaney, Jr. (Chaney), her insurance agent, and asked him to procure insurance including collision insurance for the Monte Carlo. The security agreement entered into between Reymet and Jones required Jones to insure the vehicle. Chaney included the Monte Carlo automobile on Jones' State Farm Insurance Company (State Farm) policy; however, Chaney failed to procure collision coverage as he agreed he would do.

The automobile was damaged in February, 1980 and the cost of repairing the car was estimated to be $2,500.00 to $3,000.00. State Farm, Jones' insurance carrier, denied her claim for compensation for damages to the vehicle. Jones brought an action for breach of contract against Chaney and State Farm in the General District Court for the City of Richmond. State Farm was dismissed as a party at the hearing but Jones obtained a judgment against Chaney on July 8, 1980 in the amount of $2,813.03 plus court costs.

Pursuant to the judgment Jones obtained in the Richmond General District Court, Chaney paid Jones $2,800.00. Jones used none of that money to pay for repairs to the automobile. Jones took the vehicle to Hechler Chevrolet in June, 1980 and discussed the cost of repairing the car with J. A.

Carlton, Hechler's body shop manager. Carlton told Jones she would have to pay one-half of the estimated cost of repairing the car before Hechler Chevrolet would begin work on the car. Although Jones indicated she would pay that amount, she never returned for the car and the car remained with Hechler Chevrolet from June, 1980 to December, 1980. Jones told James A. Creasy, III, an officer of Reymet, that she would use the money she recovered from Chaney to repair the automobile. As of the day of trial, no one had repaired the car. Upon the foregoing this Court makes the following determination.

### CONCLUSIONS OF LAW

Reymet now brings this complaint to determine the dischargeability of this debt alleging that the $2,800.00 that Jones recovered from Chaney was proceeds of insurance and that Jones converted that property by disposing of it in an unauthorized manner.

Reymet argues that its perfected security interest in the original collateral continues in Jones' judgment because Reymet has a continually perfected security in proceeds arising out of the original collateral pursuant to *Virginia Code* § 8.9–306(3).[1] It is well settled that insurance payments are proceeds when they are payable by reason of loss or damage to secured collateral. *Virginia Code* § 8.9–306(1) (Cum.Supp. 1981).[2] In the instant case, however, there was no insurance contract and the funds which Jones received from Chaney were not insurance payments. Instead they were on account of a personal judgment which Jones obtained against Chaney for Chaney's failure to procure collision insurance for her. Although Jones admitted in her answer to Reymet's complaint that she received insurance checks totaling $2,800.00 from Chaney Insurance Company, the evidence proffered at trial showed clearly that the checks were not insurance payments.

Chaney was an independent insurance broker. He was not an agent of State Farm. As a broker he acts as a middle man between the insured and the insurance company by soliciting business from the general public. Once he secures an order, he places that order with an insurance company which either he or the insured chooses. *See, Pacific Fire Ins. Co. v. Bowers,* 163 Va. 349, 175 S.E. 763, 765 (1934). A broker is an agent of the insured, not of the insurance company. 10A, *Michie's Jurisprudence, Insurance,* § 16 (1977).

As an agent for the insured, the broker may be held liable in either tort or contract for failing to procure the insurance. *Harnett, Responsibilities of Insurance Agents and Brokers,* § 3.03 (1981). When a plaintiff sues a broker for breach of contract for failing to procure insurance he does not seek to hold the broker liable on an insurance contract. *Case v. Ewbanks, Ewbanks & Co.,* 194 N.C. 775, 140 S.E. 709, 711 (1927). The suit is based upon the broker's breach of contract to procure the insurance and not upon the contract of insurance itself. *Id.* 711–712. The damages the plaintiff may recover, therefore, are those losses which are properly attributable to the breach of contract. *Meiselman v. Wicker,* 224 N.C. 417, 30 S.E.2d 317, 318 (1944).

In the instant case Jones obtained a judgment against Chaney in a breach of contract action for his failure to procure insurance. No policy of collision insurance covered her automobile at the time of the accident and Jones recovered no insurance payments on account of the collision. The judgment Jones recovered in the state court did not constitute insurance proceeds of the collateral vehicle.

---

1. "The security interest in proceeds is a continuously perfected security interest if the interest in the original collateral was perfected but it ceases to be a perfected security interest and becomes unperfected ten days after receipt of the proceeds by the debtor unless ...." *Va. Code* § 8.9-306(3) (1981 Cum.Supp.).

2. "Insurance payable by reason of loss or damage to the collateral is proceeds...." *Va.Code* § 8.9–306(1) (1981 Cum.Supp.).

Reymet also argues that the term proceeds is flexible and that Jones' recovery against Chaney for his breach of contract to procure insurance for Jones constitutes proceeds of the collateral because the recovered funds take the place of the collateral itself.[3] Reymet notes that the term "proceeds" includes everything which is received from the disposition or collection from the collateral. *Virginia Code* § 3.9–306(1). Courts liberally construe this section. *In re Munger*, 495 F.2d 511, 513 (9th Cir. 1974).

Jones received nothing from the disposition of the automobile. No valid collision insurance policy protected the car and Jones received no judgment or award from any tort suit arising out of the accident. Jones' sole recovery was upon her insurance agent's breach of contract to obtain insurance for her automobile. Jones' judgment did not take the place of the collateral itself, instead it recompensed her for the loss she sustained because of her agent's breach of contract. *See Case*, 140 S.E. at 711.

Reymet contends that Jones intended to use the money she recovered from Chaney to repair the car; however, Jones' intent is immaterial in the determination of whether the funds are proceeds of collateral. Whether the funds are "proceeds" is a conclusion this Court must reach through consideration of objective facts and not subjective intentions. Through a review of the facts, this Court concludes the funds Jones obtained from Chaney as the result of her judgment against him were not proceeds of the collateral vehicle; therefore, Jones did not convert the property of Reymet and the debt alleged to be $5,571.24 Jones owes Reymet is dischargeable in bankruptcy.

An appropriate order will issue.

---

3. " 'Proceeds' includes whatever is received upon the sale, exchange, collection or other disposition of collateral or proceeds." *Va.Code* § 3.9 306(1) (1981 Cum.Supp.).