MACK INTERNATIONAL MOTOR TRUCK CORPORATION v. WACHOVIA BANK AND TRUST COMPANY, EXECUTOR OF J. H. REED; E. H. REED, AND NORTHERN INSURANCE COMPANY OF NEW YORK.

(Filed 27 January, 1931.)

**1. Contracts F a—In this case held: plaintiff in cross-action was not a party to the contract sued on therein, and nonsuit was proper.**

Where the purchaser of trucks under a conditional sales contract pays the seller the amount of the insurance premium under an agreement that the seller have the trucks insured against fire for the protection of them both, and the seller procures the policy, and the purchaser delivers one of the trucks, and after his death, his administrator delivers the other to the purchaser's son, and thereafter the trucks are damaged by fire, *Held:* the purchaser's son, not being a party to the contract of sale nor a beneficiary in the insurance policy, has no contractual relationship with either the seller or the insurer, and in an action for the possession of the trucks he may not set up a cross-action against the seller for failure to provide enforceable insurance protection or against the insurer for liability on the policy.

**2. Insurance J a—Where forfeiture is plainly incurred for violation of stipulations of policy nonsuit in action against insurer is proper.**

Where the deceased purchaser of two trucks under a conditional sales contract and his administrator had knowledge of the terms and conditions of a policy of fire insurance thereon procured by the seller, and the evidence discloses several breaches of stipulations in the policy by the administrator which, under its terms, would forfeit the policy, and there is no evidence of a waiver of such violations by the insurer, *Held:* in an action by the seller to recover the balance of the purchase price, the cross-action of the administrator against the codefendant insurer for loss sustained by fire is properly nonsuited.

**3. Contracts E a—Evidence of breach of agreement to provide insurance protection held sufficient to be submitted to the jury.**

Where the purchaser of trucks under conditional sales contract pays the seller the amount of the insurance premium under an agreement that the seller would insure the trucks against loss by fire, and the seller procures the insurance and so notifies the purchaser, disclosing the terms and conditions of the policy, but failing to disclose the name of the insurer, and after the death of the purchaser his administrator advises the seller that it had sold one truck to the purchaser's son, taking a mortgage for the balance of the purchase price, and asks that the seller "fix" the insurance policy to protect its interest, and in reply thereto the seller advises that in case of loss the estate of the purchaser would be paid all surplus after payment of the seller's lien, *Held:* upon the trucks being damaged by fire, evidence that the seller, knowing the terms and conditions of the policy, had failed to fix the policy as requested by the administrator and had failed to disclose the name of the insurer in time for proper proof of loss to be made, rendering the policy void because of violations of stipulations therein, is sufficient evidence to be submitted to the jury on the question of the seller's liability, and the seller's motion as of nonsuit should have been denied.

APPEAL by defendants, Wachovia Bank and Trust Company, executor, and E. H. Reed, from *Oglesby, J.,* at August Term, 1930, of BUNCOMBE.

Affirmed in appeal of E. H. Reed; new trial in appeal of Wachovia Bank and Trust Company, executor.

This action was begun on 28 September, 1928, to recover of the defendant, Wachovia Bank and Trust Company, executor, the balance due on certain notes executed by its testator, J. H. Reed, dated 23 July, 1925, and payable to plaintiff; and, also, to recover possession of two certain trucks each of which was sold by plaintiff to the said J. H. Reed in accordance with the terms of a conditional sale agreement of even date with said notes. Under the terms of said conditional sales agreements, copies of which are attached to the complaint as exhibits, the plaintiff has a lien on each of said trucks for the amount due plaintiff on the purchase price of the same, as evidenced by notes executed by the said J. H. Reed, and referred to in the said conditional sale agree-

ment.  Both said trucks were injured or damaged by fire on 2 July, 1926.  The value of both was greatly diminished by the injury and damage, caused by said fire.

In its complaint, plaintiff alleges that at the time it sold said trucks to the said J. H. Reed, it insured the same against loss or damage by fire, in order to protect its pecuniary interest therein; that the balance due plaintiff on the notes sued on in this action is $3,382.50; and that the insurance company which under its policy was liable to plaintiff for its loss and damage, caused by the fire, has paid or agreed to pay plaintiff, on account of such loss and damage, the sum of $2,400.  Plaintiff offers to credit the amount due on the notes executed by J. H. Reed, deceased, with the said sum of $2,400, thus leaving the amount for which plaintiff demands judgment in this action, $1,100.35, including interest to the date of the commencement of the action.

After the action was begun, it was made to appear to the court that the trucks described in the complaint were, at the date of the fire, and are now, in the possession of E. H. Reed, a son of J. H. Reed, deceased; it was thereupon ordered that the said E. H. Reed be made, and he was made a party defendant in the action.

In their answer to the complaint the defendants, Wachovia Bank and Trust Company, executor, and E. H. Reed, allege that at the date of the sale of the trucks described in the complaint to J. H. Reed, the said J. H. Reed, in accordance with the terms of the conditional sales agreements under which the said trucks were sold and delivered to him by the plaintiff, paid to the plaintiff the sum of $157.45, as a premium for the insurance of each of said trucks against loss or damage by fire, during a period of eighteen months from the date of said sales, in the sum of $4,900, with the loss, if any, payable to the plaintiff and the said J. H. Reed, as their interest in the trucks, at the date of the loss, might appear; that thereafter, plaintiff advised the said J. H. Reed that it had insured the said trucks against loss or damage by fire, in accordance with its agreement; that plaintiff did not advise the said J. H. Reed, nor has it advised the defendants, since his death, the name of the insurance company from which it had procured such insurance; that after the fire, defendants informed the plaintiff of the loss resulting therefrom, and requested plaintiff to furnish defendants with blanks for making proofs of their loss; and that plaintiff failed and refused to furnish such blanks, and failed and refused to advise defendants the name of the insurance company with which plaintiff had insured said trucks.  Defendants further allege in their answer that since the fire, they have been advised, informed and believe that plaintiff insured said trucks with the Northern Insurance Company of New York, and that the said company was liable to defendants for their loss resulting from

the fire. Defendants allege that the amount of their loss, resulting from the fire which injured and damaged said trucks, was $10,215.62. Defendants demand judgment that they recover of the plaintiff the said sum of $10,215.62, and such other and further relief as they may be entitled to.

Plaintiff, in its reply to the cross-action of the defendants, denies the allegations upon which defendants demand judgment against the plaintiff, and allege that if plaintiff is liable to defendants on said allegations, its liability is secondary, and that the Northern Insurance Company of New York is primarily liable to defendants for their loss. In accordance with the prayer in plaintiff's reply, it was ordered by the Court that the Northern Insurance Company of New York be made, and it was made a party defendant in this action.

In its answer to the pleadings of the plaintiff and of its codefendants, the said Northern Insurance Company of New York, denied all allegations therein on which either the plaintiff or the said defendants contend that said defendant is liable to plaintiff or said defendants, for any loss which either suffered by reason of the injury or damage to the trucks described in the complaint, caused by fire on 2 July, 1926.

At the trial of this action, judgment was rendered on the answers of the jury to the issues submitted as follows:

"This cause coming on to be heard before his Honor, J. M. Oglesby, judge presiding and holding the courts of the Nineteenth Judicial District, North Carolina, and a jury, at the regular August A.D. 1930 term of the Superior Court of Buncombe County, and being heard, and the defendant, Northern Insurance Company of New York, having made a motion to nonsuit the plaintiff at the conclusion of the evidence in behalf of the plaintiff, and the defendants Wachovia Bank and Trust Company, executor of J. H. Reed, deceased, and E. H. Reed, having made a motion to nonsuit the plaintiff, and the plaintiff, Mack International Motor Truck Corporation, and the defendant, Northern Insurance Company of New York, having each made a motion to nonsuit the cross-action and counterclaim of the defendants, Wachovia Bank and Trust Company, executor of J. H. Reed, deceased, and E. H. Reed, at the conclusion of all the evidence of said defendants, Wachovia Bank and Trust Company, executor of J. H. Reed, deceased, and E. H. Reed, and the court being of the opinion that said motion of nonsuit by plaintiff and defendant insurance company should be allowed, and the jury having answered the issues of record in favor of the plaintiff, Mack International Motor Truck Corporation and against the defendant, Wachovia Bank and Trust Company, executor of J. H. Reed, deceased.

"It is, therefore, ordered and adjudged that the plaintiff, Mack International Motor Truck Corporation, and the defendants, Wachovia Bank

and Trust Company, executor of J. H. Reed, deceased, and E. H. Reed, be and they are hereby nonsuited as to any and all claims which they or any of them, have in this action against Northern Insurance Company of New York, and that the defendants, Wachovia Bank and Trust Company, executor of J. H. Reed, deceased, and E. H. Reed, be and they are hereby nonsuited as to their cross-action and counterclaim against the plaintiff, Mack International Motor Truck Corporation, and,

"It is further ordered and adjudged that the plaintiff, Mack International Motor Truck Corporation, have and recover of the defendant, Wachovia Bank and Trust Company, executor of J. H. Reed, deceased, the sum of $3,382.50, the principal sum of said notes, together with interest upon each of said notes from the date of 23 July, 1925, at the rate of six per cent per annum, until paid, less the sum of $2,400 to be credited upon said notes as of the date of 28 September, 1928, and that said defendants, Wachovia Bank and Trust Company, executor of J. H. Reed, deceased, and E. H. Reed, pay all the costs of this action to be taxed by the clerk."

From said judgment defendants, Wachovia Bank and Trust Company, executor, and E. H. Reed, appealed to the Supreme Court.

*J. W. Hanes for plaintiff.*

*Bernard, Williams & Wright for defendant, Northern Insurance Company of New York.*

*Bourne, Parker & Jones and Kitchin & Kitchin for defendants, Wachovia Bank and Trust Company, executor, and E. H. Reed.*

CONNOR, J.   There was no evidence at the trial of this action tending to show any contractual relation between the defendant, E. H. Reed, and the plaintiff, Mack International Motor Truck Corporation, with respect to the notes sued on in this action, or with respect to insurance on the trucks described in the complaint against loss or damage by fire. The only cause of action alleged in the pleadings of the plaintiff, and established by the evidence at the trial, in favor of the plaintiff and against the defendant, E. H. Reed, is for the possession of the trucks, one of which had been delivered to said defendant by his father, J. H. Reed, and the other by the defendant, Wachovia Bank and Trust Company, executor, after the death of the said J. H. Reed. In its letter to the defendant, Wachovia Bank and Trust Company, executor, dated 13 January, 1926, in reply to a letter advising plaintiff that E. H. Reed had the trucks in his possession, and had agreed to assume liability for certain of the notes executed by J. H. Reed, the plaintiff expressly declined to "look to" the said E. H. Reed for the payment of said notes. At no time after the trucks sold by plaintiff to J. H. Reed were delivered

into the possession of E. H. Reed did the plaintiff enter into any contract with the said E. H. Reed, with respect to said trucks, or with respect to insurance on the same.

Nor was there any evidence of any contractual relation between the defendant, E. H. Reed, and his codefendant, Northern Insurance Company of New York, with respect to insurance on said trucks. The defendant, E. H. Reed, is not named as the assured in the policy of insurance offered in evidence at the trial, nor in any rider attached thereto. It does not appear from the evidence that the defendant insurance Company had any notice prior to the fire that the trucks had been delivered to the said E. H. Reed, or that the said E. H. Reed had or claimed any interest in them. In the absence of evidence tending to show that the defendant, Northern Insurance Company, of New York, contracted, directly or indirectly, with the said E. H. Reed, with respect to insurance on the trucks, the latter is not entitled to recover in his cross-action against the said insurance company.

There is no error in the judgment dismissing the cross-action of the defendant E. H. Reed against the plaintiff and also his cross-action against his codefendant, Northern Insurance Company of New York. In this respect the judgment is affirmed.

All the evidence with respect to the cross-action of the defendant, Wachovia Bank and Trust Company, executor, against its codefendant, Northern Insurance Company of New York, on the policy of insurance offered in evidence at the trial of this action, shows that said defendant is barred of any recovery on said policy by reason of the breach of and its failure to comply with certain valid and binding stipulations and provisions of said policy. Both the said defendant and its testator had knowledge of these stipulations and provisions, and with this knowledge both breached and failed to comply with the same. For this reason, by the express terms of the stipulations and provisions of the policy, an action to recover on the policy is barred. The testator of said defendant was advised by his agent, the plaintiff, Mack International Motor Truck Corporation, in its letter dated 23 July, 1925, that it had insured the trucks against loss or damage by fire, under a policy of insurance, "the terms, conditions and limitations of which are printed on the reverse side of this letter for the information of all concerned." There was no evidence tending to show that the defendant insurance company had waived the several breaches by the defendant and its testator of said stipulations and provisions.

There is no error in the judgment dismissing the cross-action of the defendant, Wachovia Bank and Trust Company, executor, against its codefendant, Northern Insurance Company of New York. In this respect the judgment is affirmed.

At the time plaintiff sold the trucks described in the conditional sales agreements attached to the complaint in this action as exhibits, to J. H. Reed, the said J. H. Reed, in accordance with the terms of said conditional sales agreements, paid to the plaintiff, as a premium for the insurance of each of said trucks against loss or damage by fire, the sum of $157.45. In consideration of the payment of said sum of money, the plaintiff agreed to insure each of said trucks against loss or damage by fire, for a period of eighteen months, in the sum of $4,900, with the loss, if any, payable to the plaintiff and to the said J. H. Reed, as their interests might appear at the date of loss. There was evidence tending to show that plaintiff insured said trucks in accordance with its agreement, and that it so advised the said J. H. Reed. The plaintiff did not advise the said J. H. Reed, nor did it advise the defendant, Wachovia Bank and Trust Company, executor of the said J. H. Reed, after his death and before the date of the fire which injured and damaged said trucks, the name of the insurance company which had issued the policy of insurance. Plaintiff did, however, advise the said J. H. Reed of the terms, conditions and limitations contained in the policy of insurance which plaintiff had procured. There was evidence tending to show that the said J. H. Reed, and after his death the defendant, his executor, breached and failed to comply with certain stipulations and provisions of said policy. By reason of said breaches of and failure to comply with said stipulations and provisions, by the express terms of the policy, the defendant, Wachovia Bank and Trust Company, executor, is barred of recovery on the said policy, and is also barred of recovery on the contract of plaintiff to insure said trucks, unless the same have been waived by the plaintiff. With respect to such waiver, the facts shown by the evidence are as follows:

After the death of J. H. Reed, and after the defendant had qualified as his executor, to wit, on 11 January, 1926, the defendant advised the plaintiff that it was informed that E. H. Reed, the son of J. H. Reed, claimed that his father had sold or given to him one of the trucks and that he had assumed the payment of the notes of J. H. Reed for the balance due on the purchase price of said truck. In its letter to plaintiff, dated 23 February, 1926, the defendants advised the plaintiff that it had sold the other truck to the said E. H. Reed, and had taken a mortgage on same for the purchase price. In this letter, defendant requested plaintiff to have the policies of insurance on the trucks "fixed so that in case of accident or fire, we will be protected after you have been paid." To this letter plaintiff replied on 27 February, 1926, advising plaintiff that the trucks were insured, and that "in the event of fire, theft or collision on trucks covered with insurance with this company, the claim of the company would, of course, be paid first, and the balance

would then go to the estate of Mr. J. H. Reed." The trucks were thereafter injured and damaged by fire on 2 July, 1926.

After the fire, to wit, on 3 July, 1926, defendant by letter advised the plaintiff of the loss and requested plaintiff "to send proper papers to be signed in regard to the loss." In response to this letter, plaintiff wrote the defendant on 10 July, 1926, as follows: "With reference to your letter of 3 July, regarding loss by fire of two trucks, Nos. 737906 and 737855, which were operated by the estate of J. H. Reed, deceased. Our insurance adjuster has been advised of this loss, and no doubt will be in Asheville in a short time to make an adjustment." An adjuster soon thereafter investigated the loss. Both the plaintiff and the Northern Insurance Company of New York, from whom plaintiff had procured the policy of insurance on the trucks, subsequently denied liability to the defendant for the loss which it had sustained by the fire. Plaintiff did not inform the defendant that the policy of insurance on the trucks had been issued by the Northern Insurance Company, until after the expiration of the time within which according to the terms of the policy proofs of loss were required to be filed.

On the foregoing facts it was error to nonsuit the defendant, Wachovia Bank and Trust Company, executor, in its cross-action against the plaintiff. The plaintiff with knowledge that the terms of the policy which it had procured for the protection of its interest and of the interest of the defendant in the trucks had been violated by both J. H. Reed and the defendant, his executor, advised the defendant that the trucks were then insured against loss by fire, and that in the event of loss by fire "its claim would be paid first, and that the balance would then go to the estate of Mr. J. H. Reed." This information was given to the defendant after it had requested the plaintiff to have the policies on the trucks "fixed" so that its interest in the trucks would be protected in case of accident or fire. If plaintiff failed to have the policies "fixed" as requested by defendant, and as defendant was, in effect, advised had been done, then plaintiff is liable to defendant for the loss which it has sustained as a result of the fire. *Case v. Ewbanks,* 194 N. C., 775, 140 S. E., 709. The amount of defendant's loss is the value of its interest in the trucks at the date of the fire.

In accordance with this opinion, the judgment is affirmed in the appeal of the defendant, E. H. Reed, and in the appeal of the defendant, Wachovia Bank and Trust Company, executor, except as to the plaintiff.

The judgment that the cross-action of the defendant, Wachovia Bank and Trust Company, executor, against the plaintiff be dismissed as of nonsuit is reversed.

It is ordered that as to the issues determinative of said cross-action there shall be a

New trial.