### HERMAN B. MEISELMAN v. PHIL WICKER ET AL.

(Filed 2 June, 1944.)

**Insurance § 11—**

Where an agent or broker undertakes to procure insurance for another, affording protection against a designated risk, the law imposes upon him the duty, in the exercise of reasonable care, to perform the obligation he has assumed, and within the amount of the proposed insurance, he may be held liable for the loss properly attributable to his negligent default.

APPEAL by defendants from Nimocks, J., at October Term, 1943, of CUMBERLAND.

Civil action to recover damages for negligent failure to keep plaintiff's theatre equipment insured against loss by fire.

The plaintiff operates two moving pictures theatres, one in Fayetteville and the other in Rockingham. The defendants are engaged in selling theatre supplies and equipment. In 1939, the plaintiff purchased valuable equipment from the defendants under conditional sales contract, and installed it in his theatres. The defendants carried insurance on their interest in the property.

The complaint alleges:

1. That on 13 February, 1941, the defendants agreed to provide the plaintiff with repair or replacement insurance against loss by fire up to $4,000.00 on his property in the Rockingham theatre for a period of one year; that premiums were to be paid at intervals of 90 days under an extended coverage arrangement, and bills rendered therefor as other items in the open account between the parties.

2. That defendants provided insurance for the first three quarters of the year in accordance with their agreement, but failed to provide any during the last quarter.

3. That on 26 January, 1942, plaintiff's equipment in the Rockingham theatre was destroyed by fire, and that he suffered a loss of $4,000.00.

Upon denial of liability and issues joined, the jury returned a verdict for the plaintiff, and fixed his damages at $3,000.00.

From judgment on the verdict, the defendants appeal, assigning errors.

*W. Louis Ellis, Jr., and James R. Nance for plaintiff, appellee.*
*Stern & Stern and Rose, Lyon & Rose for defendants, appellants.*

STACY, C. J. The plaintiff grounds his action on the principle announced in *Elam v. Realty Co.,* 182 N. C., 599, 109 S. E., 632, 18 A. L. R., 1210, that where an agent or broker undertakes to procure insurance for another, affording protection against a designated risk, the law imposes upon him the duty, in the exercise of reasonable care, to perform the obligation he has assumed, and within the amount of the proposed insurance, he may be held liable for the loss properly attributable to his negligent default. See, also, *Boney v. Ins. Co.,* 213 N. C., 563, 197 S. E., 122; Anno. 18 A. L. R., 1214; 8 Am. Jur., 1043.

It is alleged that the plaintiff relied on the defendants to see that his property in the Rockingham theatre (also in his Fayetteville theatre) was insured against loss by fire as per agreement and according to the usual course of dealing between them. This is denied by the defendants, but the direct conflict in the evidence has been resolved against them. The jury might have taken either view of the matter. After all, the case presents little more than a controverted issue of fact, determinable alone by the twelve. The plaintiff's evidence tends to establish liability; the defendants' just the reverse. The conflict is sharp and irreconcilable.

The defendants advance the theory that if the agreement were to provide "repair or replacement insurance," as alleged, no demand has been made on them to repair or to replace the property, and therefore the plaintiff has no cause of action or right of recovery. This contention apparently arises from a misconception of the gravamen of the complaint. The plaintiff is not seeking to recover on the contract, which would have existed had the policy been procured, but for negligent failure to provide the insurance as agreed. Hence, a different situation arises; likewise, a different cause of action, for which the plaintiff sues.

The principal exception urged by the defendants is the one addressed to the court's failure to sustain the demurrer to the evidence and dismiss the action as in case of nonsuit. The ruling is supported by the record. None of the exceptions can be sustained.

As no reversible error has been made to appear, the verdict and judgment will be upheld.

No error.