THE BANK OF FRENCH BROAD, INC., v. MRS. BLANCHE R. BRYAN, ADMINISTRATRIX OF THE ESTATE OF WAYNE BRYAN, AND RALPH RAMSEY.

(Filed 22 September, 1954.)

**1. Pleadings § 31—**

A motion to strike an allegation from a pleading for irrelevancy admits, for the purposes of the motion, the truth of all facts well pleaded in the allegation, and any inferences fairly deducible from them. But it does not admit the conclusions of the pleader.

**2. Insurance § 26½—**

Where, upon valid consideration, a person agrees with another, who has an insurable interest in the life of a third person, to procure the issuance of a term policy on the life of such third person, and fails to procure the issuance of the policy, recovery may be had, upon the death within the period specified of the person sought to be insured, for breach of the contract to procure the issuance of the policy or for negligent default in failing to perform the duty imposed by such contract. The principle of liability for breach of agreement to procure property insurance applies also to life insurance.

**3. Same: Bills and Notes § 29—**

An accommodation endorser alleged that the payee bank through its officer, who was also an agent for a life insurance company, agreed to procure the issuance of a term policy of life insurance on the maker, that interest on the note and the insurance premium were paid to the officer, that the policy was not issued, and that the maker died within the term specified. *Held:* The allegations are germane to defense of an action on the note by the payee bank, regardless of whether it is alleged that the premium was paid to the bank or to the insurance company, the basis of the defense being the bank's breach of its agreement to procure the issuance of the policy.

**4. Pleadings § 31—**

Motion to strike allegations of the answer which are germane to a valid defense is properly denied.

APPEAL by plaintiff from *Johnston, J.,* June Term, 1954, of MADISON.

Civil action by plaintiff to recover on $700.00 promissory note of 6 July, 1953, payable ninety days after date. The note sued on was executed and delivered by the late Wayne Bryan and by defendant Ralph Ramsey to the plaintiff. Wayne Bryan died 24 September, 1953.

Plaintiff's appeal is from the order of the court below denying plaintiff's motion to strike as "immaterial, prejudicial, redundant and irrelevant," paragraphs 2, 4 and 5 of defendants' Further Answer and Defense.

In paragraphs not challenged by plaintiff's motion, defendants allege that the note sued on is a renewal note, the original, a $700.00 note of 7 April, 1953, payable ninety days after date, having been signed by the

late Wayne Bryan and, as accommodation endorser, by defendant Ralph Ramsey; and further, that C. E. Rector, an official of the plaintiff, was acting in behalf of the bank "in the scope of his agency during all times herein mentioned."

In paragraphs 2 and 4, challenged by plaintiff's motion, defendants allege, in substance, that C. E. Rector was also an agent of the State Capital Life Insurance Company of Raleigh, N. C., and as such agent issued, in connection with the original loan transaction of 7 April, 1953, a life insurance policy whereby said insurance company agreed to pay to the bank the sum of $700.00 in the event of the death of Wayne Bryan within three months from 7 April, 1953.

In paragraph 5, challenged by plaintiff's motion, defendants allege:

"That on or about 6 July 1953, as these defendants are informed and believe, the said Wayne Bryan sought to renew the above-mentioned note and insurance and the interest on the note and the premium on the insurance were paid to The Bank and to the agent of the said State Capital Life Insurance Company, and the plaintiff agreed to cause an insurance policy to be issued with the State Capital Life Insurance Company in the sum of $700.00, payable to the plaintiff in the event of the death of Wayne Bryan during the three months period for which said note was to be renewed; that as these defendants are informed and believe, the plaintiff failed to cause said insurance to be issued as it agreed to do; that Wayne Bryan died during the term for which the plaintiff agreed to cause said insurance to be issued; that by reason of the plaintiff's failure to cause said insurance to be issued as it agreed to do the plaintiff is not entitled to recover any amount from the defendants in this action."

*Carl R. Stuart and E. L. Loftin for plaintiff, appellant.*
*G. D. Bailey and W. E. Anglin for defendants, appellees.*

BOBBITT, J.   Appellant, in its brief, does not deal separately with each challenged allegation. It presents its position as if the case were before us on demurrer to defendants' Further Answer and Defense, challenging the sufficiency of defendants' pleading to constitute a defense rather than the propriety of particular allegations.

As stated by *Ervin, J.:* "A motion to strike an allegation from a pleading for irrelevancy admits, for the purposes of the motion, the truth of all facts well pleaded in the allegation, and any inferences fairly deducible from them. But it does not admit the conclusions of the pleader." *Dixie Lines v. Grannick,* 238 N.C. 552 (556), 78 S.E. 2d 410. Appellant concedes and indeed cites this statement of the applicable rule.

Assuming sufficient interest or other recognized consideration, it is generally held that where one agrees to procure the issuance of insurance

on the property of another, affording protection against designated risks, and fails to do so, he will be held liable, within the amount of the proposed insurance, for the loss attributable to his default. This Court has recognized the breach of such agreement as a basis of liability where the parties to the agreement were in the following relationships:

1. In actions by a property owner against an insurance agent or broker. *Elam v. Realty Co.,* 182 N.C. 599, 109 S.E. 632, 18 A.L.R. 1210; *Case v. Ewbanks,* 194 N.C. 775, 140 S.E. 709; *Boney, Insurance Comr., v. Ins. Co.,* 213 N.C. 563, 197 S.E. 122; 29 Am. Jur. p. 130, Insurance, secs. 108, 109; 44 C.J.S. p. 861, Insurance, sec. 172 (a); Annotations: 18 A.L.R. 1214; 29 A.L.R. 2d 171.

2. In actions by a vendee against a vendor in relation to personal property subject to a conditional sales contract. *Truck Corp. v. Trust Co.,* 200 N.C. 157, 156 S.E. 787; *Meiselman v. Wicker,* 224 N.C. 417, 30 S.E. 2d 317; 23 N.C.L.R. 64.

3. In actions by a property owner against a warehouseman. *Box Co. v. Storage Co.,* 210 N.C. 829, 186 S.E. 155.

4. In actions by the owners of real property, subject to deed of trust, against the owners of the secured debt. *Dixon v. Osborne,* 204 N.C. 480, 168 S.E. 683; *Crouse v. Vernon,* 232 N.C. 24, 59 S.E. 2d 185; 36 Am. Jur. p. 852, Mortgages, sec. 328; 59 C.J.S. p. 449, Mortgages, sec. 328 (b).

To enforce such liability the plaintiff, at his election, may sue for breach of contract, or for negligent default in performance of duty imposed by contract. *Elam v. Realty Co., supra;* 44 C.J.S. p. 863, Insurance, sec. 172 (b).

In *Crouse v. Vernon, supra,* plaintiff, a property owner, obtained a $2,500 construction loan from a bank. She secured her $2,500 note to the bank by deed of trust conveying the property on which she was building a house and gave additional security. Her house burned while in process of construction. She sued the bank official with whom she had dealt, the bank, and the trustee in the deed of trust. In dealings with the plaintiff, the named official was acting for the bank. In addition, however, there was allegation and evidence that the named bank official had a broker or agency relationship with certain (unnamed) fire insurance companies. Plaintiff recovered judgment against the bank official individually and against the bank, predicated upon the jury's verdict to the effect that the bank official agreed to procure and have issued to plaintiff a fire insurance policy in amount of $4,500 covering the house being built on plaintiff's property and failed to do so. The allegations of the complaint as disclosed by the original record bear close resemblance to the allegations of defendants now challenged by plaintiff's motion.

Here, the insurance policy contemplated by the agreement alleged by defendants was to provide coverage against the risk of the death of Wayne Bryan during the term of ninety days from 6 July, 1953. But we discern no substantial distinction because the insurance to be procured was life insurance rather than to protect against property risks.

In our view, it may be fairly deduced from the challenged allegations that the *bank,* through *its said agent,* agreed to cause the issuance of the policy on the life of Bryan; and that at the time the loan was renewed, Bryan paid an amount sufficient to cover interest on the renewal note and premium on insurance policy. Plaintiff insists that the allegations compel the conclusion that the interest was paid to the bank and that the premium was paid to Rector as agent of the insurance company. Under the rule of liberal construction in favor of the pleader, the relationships alleged do not require such an attenuate distinction. The allegations indicate plainly that the issuance of the insurance policy was not independent of but rather an integral feature of the loan renewal transaction. The allegations are clear to the effect that the death benefit under the proposed insurance policy was to be payable to the bank, thereby protecting it as well as the obligors on the $700.00 note in case of Bryan's death during the ninety day term. Whether the amount of the premium was paid to Rector, in his capacity as bank official or in his capacity of insurance agent, the defendants are entitled to allege and show, if they can, that the bank made the agreement to cause the life insurance policy to be issued. The circumstance that its official was also an agent for a life insurance company would not affect its liability if in fact it made such agreement. Indeed, if, within its own organization, there was an agent authorized to issue such policy, its failure to cause the issuance thereof could hardly be justified.

The defendants' pleading is sufficient to survive the motion to strike, leaving for jury decision upon the evidence presented the issue as to whether the bank made the alleged agreement. Of course, the case now before us is on the pleadings. Whether defendants can support their allegations by sufficient evidence is another matter.

Affirmed.