WACHOVIA BANK & TRUST COMPANY v. W. J. CURRIN, ORIGINAL DEFENDANT, AND GREAT AMERICAN INSURANCE COMPANY, ADDITIONAL DEFENDANT.

(Filed 9 May, 1956.)

**1. Pleadings § 31—**

A motion to strike allegations from a pleading for irrelevancy admits, for the purposes of the motion, the truth of all facts well pleaded as well as all inferences which legitimately may be drawn from the facts alleged, but does not admit conclusions of the pleader.

**2. Same: Pleadings § 19b: Bills and Notes § 29—Where a chattel mortgage note is protected by insurance procured by holder, maker may set up loss covered by policy as defense.**

In this action by a bank on a note, defendant alleged that the note was executed to a motor company for the balance of the price of a truck, that the bank loaned the money and required that the note be secured by a chattel mortgage and protected by a policy of insurance on the truck, with loss payable clause to it to the amount of the unpaid balance of the note,

that the motor company transferred the note without recourse to the bank on the date of its execution, and that the bank issued the policy as authorized agent of insurer. *Held:* Under the allegations, the bank was not a holder in due course, and defendant is entitled to have insurer joined as an additional party and to set up as a defense damage to the truck by a risk covered by the policy, demand upon and wrongful refusal of insurer to pay the loss, and wrongful failure and refusal of the bank to demand payment of the insurer for application on the note. Therefore, insurer's motion to strike the defense and demurrer for misjoinder of parties and causes should have been overruled.

BOBBITT, J., dissenting.

APPEAL by the defendant, W. J. Currin, from *Bickett, J.,* October, 1955 Term, WAKE Superior Court.

This is a civil action instituted by the plaintiff, Wachovia Bank & Trust Company, against the defendant, W. J. Currin, for the recovery of $644.85, balance due on a promissory note for $1,547.60 payable to Northam Motor Company and secured by a chattel mortgage on one 1954 model Ford truck. The note was transferred without recourse to the plaintiff on the day it was executed. The plaintiff alleged it was the purchaser of the note for value, before maturity, and without notice of any infirmities. The plaintiff at the time suit was brought obtained possession of the truck under a writ of claim and delivery, and asked that it be sold to satisfy the balance due on the note.

The defendant Currin filed answer, admitted the execution of the note and that $644.85 was unpaid, but denied the plaintiff was a purchaser in due course or that it took the note free of prior equities. In addition, the answer set up the following:

"FURTHER ANSWER, COUNTER-CLAIM AND CROSS ACTION AGAINST WACHOVIA BANK & TRUST COMPANY AND GREAT AMERICAN INSURANCE COMPANY:

"For a further answer, counter-claim and cross action against Wachovia Bank & Trust Company and Great American Insurance Company, defendant alleges:

"1. That defendant is a citizen and resident of Harnett County, North Carolina; that Wachovia Bank & Trust Company is a North Carolina corporation with one of its subordinate offices in the City of Raleigh, N. C.; and that Great American Insurance Company is a New York corporation, with its principal office in the City of New York.

"2. That Wachovia Bank & Trust Company is a banking institution under the laws of North Carolina and is also engaged in the insurance business; and in connection with its insurance business

defendant alleges upon information and belief that Wachovia Bank & Trust Company is an agent for Great American Insurance Company, and as such is authorized and licensed to write policies in said insurance company upon property located in the State of North Carolina.

"3. That on March 2, 1954 defendant purchased a 1954 Ford truck bearing motor number F35VLN-10681 from Northam Motor Company of Lillington, N. C. for a total purchase price of $2,259.85; that defendant made a down-payment of $712.21 and borrowed the balance of the purchase price for said vehicle totaling $1,547.64 from Wachovia Bank & Trust Company, evidencing said loan by a promissory note in said amount payable in 12 equal monthly installments of $128.97 each, secured by a chattel mortgage on said truck.

"4. That it was agreed by defendant and Wachovia Bank & Trust Company that said truck should be covered by insurance against fire, theft, rising waters and other hazards; that the cost of said insurance should be borne by defendant; that loss, if any, under said insurance should be payable to Wachovia Bank & Trust Company as its interest might appear; and that the insurer was authorized and directed to make payment direct to Wachovia Bank & Trust Company of any monies not in excess of the unpaid balance due on said note which might become payable under such insurance.

"5. That pursuant to this agreement with respect to insurance, Wachovia Bank & Trust Company on March 10, 1954, acting in its capacity as duly authorized agent for Great American Insurance Company, issued a policy of insurance on the above described motor truck naming itself and defendant as insureds and insuring said truck, among other things, against

" 'Direct and accidental loss of or damage to the automobile caused by windstorm, earthquake, explosion, hail, external discharge or leakage of water (except loss resulting from rain, snow, or sleet), flood or rising waters, riot or civil commotion, the forced landing or falling of any aircraft or of its parts or equipment, or malicious mischief or vandalism, except that $25.00 shall be reduced from the amount of each determined loss resulting from malicious mischief or vandalism.' "

"6. That defendant, in accordance with his contract, paid the premiums on said insurance policy and the same was in full force and effect on October 17, 1954 on which date the said Ford truck insured thereunder was directly and accidentally damaged by flood and rising waters to the extent that it was virtually a total loss.

"7. That thereafter defendant gave due notice to Great American Insurance Company and its agent, Wachovia Bank & Trust Company, of said loss, and fully complied with all of his obligations under said policy, but that Great American Insurance Company wrongfully denied liability under said insurance policy and the plaintiff, Wachovia Bank & Trust Company, in violation of its agreement with the defendant, has wrongfully failed and refused to require payment of the proceeds of said insurance policy by its employer, Great American Insurance Company, for application on said promissory note of defendant; that instead, Wachovia Bank & Trust Company has seized defendant's said truck under claim and delivery with intent to sell the same and apply the proceeds to said note leaving defendant without remedy under said insurance policy.

"8. That prior to sustaining the aforesaid damage by reason of flood and rising waters on October 17, 1954, defendant's said truck had a fair market value of at least $1,850.00. and immediately thereafter it was not worth more than $100.00, so that defendant was damaged by reason of said loss in the amount of at least $1,750.00; that defendant is entitled to recover said sum of Great American Insurance Company and to have so much thereof as may be necessary applied to the note sued on in this action by the plaintiff and to have the balance paid to defendant.

"9. That demand has been made upon Wachovia Bank & Trust Company that it exercise its rights as named insured under said insurance policy to enforce collection of the money due thereon, and demand has also been made of Great American Insurance Company that it pay the money due under said policy by reason of the loss above described; and that each of said demands has been refused.

"10. That it is necessary that Great American Insurance Company be made a party to this action to the end that it may be required to discharge its policy obligation as aforesaid to the plaintiff and defendant."

Great American Insurance Company was made a party defendant. The plaintiff made a motion to strike as irrelevant paragraphs 3 to 10, inclusive, of the defendant's further answer, counter-claim and cross action. The additional defendant filed a demurrer and asked that the action be dismissed as to it for that there was a misjoinder of parties and causes of action. After hearing in the Superior Court the judge allowed the motion to strike and sustained the demurrer. To the judgment entered accordingly, the defendant Currin excepted, and from it appealed.

*Dupree, Weaver & Montgomery,*
*By: John R. Montgomery, Jr.,*
*Nancy Fields Fadum, for defendant, appellant.*
*Mordecai, Mills & Parker, for Great American Insurance Company,*
*defendant, appellee.*

HIGGINS, J. A motion to strike allegations from a pleading for irrelevancy admits, for the purposes of the motion, the truth of all facts well pleaded as well as all inferences which legitimately may be drawn from the facts alleged. The motion, however, does not admit conclusions of the pleader. *Bank v. Bryan,* 240 N.C. 610, 83 S.E. 2d 485; *Dixie Lines v. Grannick,* 238 N.C. 552, 78 S.E. 2d 410.

In the further defense, the defendant Currin alleged he arranged for the purchase of the truck from Northam Motor Company for $2,258.85; that he paid $712.21 in cash and arranged with the plaintiff for a loan of $1,547.46 to finance the balance due, for which he executed a note payable in 12 equal monthly installments of $128.97; that the note was made payable to Northam Motor Company and endorsed by it to the plaintiff on the day executed and without recourse; that in reality the transaction was a loan by the plaintiff to the defendant Currin rather than the purchase of the note from the Motor Company. As security for the loan the plaintiff required (1) a chattel mortgage on the truck, and (2) insurance against its accidental loss or damage (among other things) on account of flood and high water. Accordingly, the defendant Currin executed the chattel mortgage and paid to the plaintiff the premium for the insurance which the plaintiff took out in Great American Insurance Company for which it was agent. Both the plaintiff and defendant Currin were named insureds and beneficiaries in the insurance policy—the former to the extent of any balance due on the note, and the latter to the extent of any additional liability on the part of the insurance company.

While the policy of insurance was in force the truck was damaged by flood waters to the amount of at least $1,750.00, so that by reason of said damage Great American Insurance Company became liable to the plaintiff in the amount necessary to discharge the note, and to Currin for the remainder of the coverage. Currin gave due notice of loss to Great American Insurance Company and to its agent, the plaintiff, Wachovia Bank & Trust Company. "Great American Insurance Company wrongfully denied liability . . . and the plaintiff, Wachovia Bank, its agent, in violation of its agreement with the defendant, has wrongfully failed and refused to require payment of the proceeds of the policy by its employer, Great American Insurance Company, for application on defendant's note. That instead, Wachovia Bank &

Trust Company has seized said truck, . . . with intent to sell the same and apply the proceeds to said note, leaving defendant without remedy under said insurance policy."

It may be reasonably inferred that to the plaintiff was left the selection of the insurance carrier and that it selected its principal, Great American Insurance Company, after requiring the defendant to pay to the plaintiff the amount of the premium. The allegations stricken permit the inference the purchase of the truck, the loan from the bank, the execution of the note and chattel mortgage, the assignment of the same to the plaintiff, and the procurement of the insurance were not separate transactions but were in fact integral parts of the loan transaction. *Bank v. Bryan, supra; Crouse v. Vernon,* 232 N.C. 24, 59 S.E. 2d 185; *Batts v. Sullivan,* 182 N.C. 129, 108 S.E. 511; *Insurance Co. v. Reid,* 171 N.C. 513, 88 S.E. 779.

Assuming, as we are required to do for the purposes of the motion, that the facts alleged are true, the plaintiff is not a holder of the note in due course and the defendant Currin is not precluded from asserting the equities set up in his further defense. It follows that the trial court committed error in allowing the motion to strike.

Left for consideration is the question of misjoinder of parties and causes of action raised by the demurrer. According to the allegations in the further defense and cross action, the additional defendant, Great American Insurance Company, is obligated to pay $1,750.00 on account of damage to the truck. Both the plaintiff and the original defendant are named beneficiaries—the plaintiff for the amount due on the note, and the defendant for the remainder. Unquestionably the Wachovia Bank & Trust Company and Currin can maintain a joint action against Great American Insurance Company for the amount due them as named insureds under the policy.

It is argued for the insurance company that it is in no way concerned with the controversy between Wachovia and the defendant Currin and that to bring it into the case would be a misjoinder of parties and causes of action. The argument overlooks the allegations in the cross action "that Wachovia Bank and Trust Company is an agent for Great American Insurance Company and as such *is authorized and licensed to write policies in said Insurance Company* upon property located in the State of North Carolina"; and *"acting in its capacity as duly authorized agent* for Great American Insurance Company (Wachovia) *issued a policy of insurance,"* etc.; and "that Great American Insurance Company wrongfully denied liability under said insurance policy."

The above quotations are from the further defense which was stricken *in toto.* In essence, the charge is that Wachovia is the agent of and is

authorized by Great American to issue the insurance policy involved, and that Wachovia issued the policy purporting to bind Great American and that Great American denies liability on the policy; that Wachovia has refused to make demand for payment. These allegations tie both the insurance company and the bank together in denying defendant the benefit of the insurance for which he paid. The defendant Currin by his cross action asked that he have before the court at one and the same time the agent who acted for the principal and the principal who denies liability on the policy issued by the agent. The issues raised by the cross action require the presence of both Great American and Wachovia before the court in one action rather than in two. If the defendant Currin is required to bring two actions, the jury in one case might say the bank is not bound because it was only acting as agent for its principal. And in another action the jury might say the principal is not bound because of lack of authority on the part of the agent. Such an eventuality would defeat the defendant's claim altogether.

The case of *Land Bank v. Foster*, 217 N.C. 415, 8 S.E. 2d 614, presented questions not unlike those now before us. In both cases the defendant was sued by the plaintiff bank for default in the payment of a note. In both, the bank held title to the property conveyed as security for the note. In both, the maker of the note paid for insurance on the property payable to the bank and to himself as beneficiaries according as their interests might appear. In the *Foster case,* this Court said: "It is not unreasonable to assume that it was the duty of the Land Bank to carry out that part of the contract . . . the collection of the proceeds and the performance of those things incident thereto." . . . "We think and so hold that the question of reasonable diligence in the collection of the item (insurance) should have been left to the jury . . . upon appropriate issues, and failure to do so was error." In the *Foster case,* the insurance carrier was made a party by cross action just as the defendant Currin seeks to do in this case.

The insurance was a part of the security for the note sued on in this case. The presence before the court of all interested parties (the bank, the insurance company, and Currin) is necessary to a final termination of the matters in controversy. There is neither misjoinder of parties nor of causes of action. The judgment of the Superior Court of Wake County, therefore, is

Reversed.

BOBBITT, J., dissenting: The insurance company's liability, if any, is to pay the loss within the coverage of its policy. It is immaterial to it whether it pays the amount thereof to plaintiff or to defendant or both. Whether defendant is or is not indebted to plaintiff will not

enlarge or reduce its liability. Hence, it is in no sense a party to the cause of action alleged in the complaint.

If plaintiff has failed or neglected to perform any duty owed by it to defendant in relation to the insurance policy and resulting in loss to defendant, defendant can so allege by way of counterclaim to plaintiff's action. Present allegations do not state facts sufficient to constitute such counterclaim. The purport thereof is that plaintiff may not recover herein without first proceeding against the insurance company. In my opinion, the law does not require that plaintiff's action on the note and chattel mortgage be so postponed.

Whether defendant's allegations are sufficient to constitute a counterclaim to plaintiff's action, the insurance company would not be affected thereby. Its liability, if any, is solely under the terms of its policy.

In my view, if plaintiff had joined in this action (1) the action against defendant to recover the debt, *and* (2) an action against the insurance company, for its own benefit or for the joint benefit of plaintiff and defendant, there would have been a misjoinder of parties and causes of action. It is equally so if defendant is permitted to join the insurance company and sue it in this cause for the loss recoverable under the terms of the policy. At least, it seems so to me.

Hence, I vote to affirm.