BERNADINE WILES D/B/A CENTERVIEW TAXI v. RALPH P. MULLINAX, JR. AND MULLINAX INSURANCE AGENCY, INC.

(Filed 25 May, 1966.)

1. **Insurance § 8—**

An insurance agent or broker undertaking to provide coverage against a designated risk is under duty to exercise reasonable care to obtain the insurance or, if he is unable to do so, to give the proposed insured timely notice so that the proposed insured may obtain coverage elsewhere, and failure to perform this duty may render him liable to the proposed insured for loss within the amount of the proposed policy on the grounds of breach of contract or for negligent default in the performance of duty imposed by the contract.

2. **Same—**

Evidence favorable to plaintiff tending to show that for a period of seven years defendant brokers provided plaintiff with continuous workmen's compensation coverage in accordance with their undertaking, that plaintiff paid the premiums or arranged for their payment when she was billed, that on the renewal date in question defendants made unsuccessful efforts to place the insurance successively with two insurers, but that, when they refused to accept the risk, defendants permitted the coverage to expire without notice to plaintiff, and that as a result plaintiff became liable for a claim within the proposed coverage, *held* sufficient to be submitted to the jury on the question of defendants' liability.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.

WILES v. MULLINAX.

APPEAL by plaintiff from *Walker, S.J.,* February 1965 Civil Session of CABARRUS, docketed in the Supreme Court as Case No. 611 and argued at the Fall Term 1965.

Plaintiff, the operator of Centerview Taxicab Company, brought this action against the individual defendant Mullinax, an insurance broker, and his incorporated agency to recover damages for an alleged negligent breach of duty (1) to provide plaintiff with the workmen's compensation and employer's liability insurance required by the North Carolina Workmen's Compensation Act; and (2) to notify plaintiff of his failure to provide the promised insurance. Plaintiff seeks to recover $8,800.00, which she was required to pay as compensation for the death of an employee, plus $500.00 for attorney's fees, a total of $9,300.00.

Plaintiff's evidence, and that of defendants which is explanatory of it, is sufficient to establish the following facts: Mullinax is an authorized and duly-licensed insurance agent and broker. He is the executive vice-president and treasurer of the corporate defendant, as well as a stockholder in it. For over 25 years, plaintiff has owned and operated a taxi business in Kannapolis. She obtained her first workmen's compensation insurance in 1951, when Mullinax, who wrote all her insurance, came to see her and told her that the law required her to carry such insurance. She instructed him to "write it up." When he left, he told her that he had always looked after her; that he would continue to do so; and that she had nothing to worry about. Thereafter, he provided her with workmen's compensation insurance coverage, either with the Travelers Insurance Company or the Pennsylvania Threshermen & Farmer's Mutual Casualty Insurance Company (P. T. & F. Company) until November 8, 1958. During this period, from time to time, Mullinax reiterated his promise to take care of all of her insurance needs, as well as his assurance that she "had nothing to worry about." Each year defendants renewed her coverage without any specific request from plaintiff, who did not keep up with the renewal dates. Sometimes Mullinax personally delivered the renewal policies to her; sometimes they were mailed. When plaintiff did not have the money to pay the premium at the time it became due, she borrowed it at Concord National Bank upon Mullinax' endorsement.

Defendants also carried liability insurance upon a number of plaintiff's taxicabs. At the bottom of the invoices which defendants sent to her for this insurance was this statement:

"Thank you, it's a pleasure to work with you. We have renewed the above policy because as you know you have an established account. This entitled you to automatic renewal.

If you have requested changes not shown, they are being made. If you have not received your new policy, one of us will deliver it soon."

From November 8, 1957, to November 8, 1958, plaintiff's workmen's compensation carrier was P. T. & F. Company. In the summer of 1958, defendants ceased to represent this Company. They failed, however, to notify plaintiff that they were no longer agents for that Company or that P. T. & F. Company would not extend her coverage. Effective November 8, 1958, Mullinax bound the Royal Indemnity Company for plaintiff's workmen's compensation coverage, but, between November 8th and 11th, this Company declined the risk. On November 14, 1958, Mullinax bound the Dixie Fire & Casualty Company; on November 18, 1958, it, too, declined the risk. Mullinax, however, did not notify plaintiff either that he had placed the two binders or that the companies had each declined to issue her a policy.

In November 1958, plaintiff had 8-10 employees. On November 29, 1958, one of her taxi drivers, Murray Lee Tucker, was killed in an accident arising out of and in the course of his employment. It was when she notified Mullinax of this occurrence that she learned, for the first time, that she had no workmen's compensation insurance in force.

The widow of the deceased employee filed a claim against plaintiff for compensation benefits. The claim was allowed by the North Carolina Industrial Commission after a hearing in which Mullinax testified, substantially as detailed above, as to his efforts to secure insurance for plaintiff in November 1958. He admitted his failure to notify plaintiff that he had been unable to place her insurance. He also testified that she had told him early in 1958 not to renew any of her policies without her permission, that she was considering "better coverage for her money." Plaintiff denied any such conversation. The Industrial Commission made an award against plaintiff as a non-insurer and ordered her to pay the widow a funeral benefit of $400.00 and compensation in the amount of $24.00 per week for a period of 350 weeks.

At the time of the trial of this case in the Superior Court, plaintiff had paid the funeral benefit and compensation for 321 of the required 350 weeks. In addition, she had paid her attorney $500.00 for his services in connection with this suit. At the close of all the evidence, defendants' motion for nonsuit was allowed, and plaintiff appealed.

*Williams, Willeford & Boger for plaintiff appellant.*

*Hartsell, Hartsell & Mills by Harold H. Smith for defendant appellees.*

SHARP, J.   This Court has several times stated the rule applicable to plaintiff's allegations and evidence:

> "It is very generally held that where an insurance agent or broker undertakes to procure a policy of insurance for another, affording protection against a designated risk, the law imposes upon him the duty, in the exercise of reasonable care, to perfrom the duty he has assumed and within the amount of the proposed policy he may be held liable for the loss properly attributable to his negligent default." *Elam v. Realty Co.*, 182 N.C. 599, 602, 109 S.E. 632, 633.

*Accord, Equipment Co. v. Swimmer*, 259 N.C. 69, 130 S.E. 2d 6; *Bank v. Bryan*, 240 N.C. 610, 83 S.E. 2d 485; *Meiselman v. Wicker*, 224 N.C. 417, 30 S.E. 2d 317; *Boney, Insurance Comr. v. Insurance Co.*, 213 N.C. 563, 197 S.E. 122. See also 4 Couch, Insurance § 26:460 (2d Ed. 1960); 44 C.J.S., Insurance § 172 (1945); 29 Am. Jur., Insurance § 163 (1960).

If a broker or agent is unable to procure the insurance he has undertaken to provide, he impliedly undertakes — and it is his duty — to give timely notice to his customer, the proposed insured, who may then take the necessary steps to secure the insurance elsewhere or otherwise protect himself. Annot., Insurance Broker or Agent — Liability, 29 A.L.R. 2d 171, 184 (1953); 29 Am. Jur., Insurance § 164 (1960). When, under these circumstances, the broker fails to give such notice, he renders himself liable for the resulting damage which his client suffered from lack of insurance. 44 C.J.S., Insurance § 172 (1945).

Where an insurance broker becomes liable to his customer for failure to provide him with the promised insurance, the latter, at his election, may sue for breach of contract or for negligent default in the performance of a duty imposed by contract. *Equipment Co. v. Swimmer, supra; Bank v. Bryan, supra; Elam v. Realty Co., supra;* 44 C.J.S., Insurance § 172(b) (1945).

Viewing the evidence in the light most favorable to plaintiff, as we are required to do, it appears: (1) In 1951, defendants had agreed to provide plaintiff with continuous workmen's compensation coverage, and, from November 1951 through November 1958, without any further request from her, they had done so; (2) Plaintiff had paid the premium or arranged for its payment only when she was billed; (3) On November 18, 1958, after unsuccessful efforts

to place her insurance with two companies, defendants permitted her coverage to expire without notice to her; and (4) As a result, she became personally liable, 21 days later, to pay the widow of a deceased employee compensation for his death. This was plenary evidence for the jury's consideration on the question of defendants' liability.

Conceding, *arguendo*, that defendants used reasonable diligence to procure coverage for plaintiff, yet they neglected to notify her of their failure to get it for her. If, after a diligent effort to provide the insurance, defendants were unable to do so, all they were required to do in order to avoid liability was to tell plaintiff seasonably that they could not write the policy. *Feldmeyer v. Englehart*, 54 S.D. 81, 222 N.W. 598.

Defendants' asserted defenses are not pertinent to this decision, which relates only to the question of the sufficiency of the evidence to survive the motion for nonsuit.

The judgment of nonsuit is
Reversed.

MOORE, J., not sitting.

PLESS, J., took no part in the consideration or decision of this case.