ROBERT LEGGETT AND MOZETTA LEGGETT v. W. K. (KENNETH)
COTTON, D/B/A COTTON INSURANCE AGENCY AND NORTH
CAROLINA INSURANCE PLACEMENT FACILITY

No. 758SC940

(Filed 5 May 1976)

1. **Insurance § 2— agent's promise to procure insurance — duty to use diligence — liability for loss suffered by proposed insured**

    If an insurance agent or broker undertakes to procure for another insurance against a designated risk, the law imposes upon him the duty to use reasonable diligence to procure such insurance and holds him liable to the proposed insured for loss proximately caused by his negligent failure to do so; the proposed insured has the election to sue for breach of contract or in tort for negligence to enforce liability.

2. **Insurance § 2— inability of agent to procure insurance — requirement of notice to proposed insured**

    If a broker or agent is unable to procure the insurance he has undertaken to provide, he impliedly undertakes—and it is his duty— to give timely notice to his customer, the proposed insured, who may then take the necessary steps to secure the insurance elsewhere or otherwise protect himself.

3. **Insurance § 114— agent's promise to procure insurance — failure to do so — failure to notify proposed insured — negligence a jury question**

    In an action to recover damages which plaintiffs alleged they sustained as a result of the negligent failure of defendant to procure fire insurance on their house and its contents, the trial court erred in directing a verdict for defendant where the evidence tended to show that defendant undertook the procurement of fire insurance for plaintiffs, two weeks expired before he forwarded plaintiffs' application for insurance to the Fire Insurance Operating Bureau, and plaintiffs were given no notice concerning the delay in forwarding the application which had to be approved before coverage could be provided, but were told instead that the policy had not arrived.

APPEAL by plaintiffs from *Webb, Judge*. Judgment entered 9 June 1975 in Superior Court, WAYNE County. Heard in the Court of Appeals 11 March 1976.

This is an action to recover $18,000 damages which plaintiffs alleged that they sustained as a result of the negligent failure of defendant Cotton to procure fire insurance on their house, and the contents of their house. [The action was dismissed with prejudice as to defendant North Carolina Insurance Placement Facility.] It was alleged that defendant was negligent and failed to use reasonable diligence to procure the insurance. Defendant denied all allegations of negligence.

When the case came on for trial the plaintiffs' evidence, except where quoted, was in substance as follows: Plaintiff Mozetta Leggett visited defendant's office during the first week of November, 1971, to obtain fire insurance coverage for the house which she and her husband owned. Mrs. Leggett stated that "[a]fter I discussed the amount of insurance he went out for a few seconds. He came back in and told me that he could get some insurance but that he thought that, well, he felt by it being somewhere in the middle of the week, I do know we discussed about a couple of days, and he said he should get the mail out today. He said, 'If we can get the mail out today, they will have two working days to get it straightened out.'

He told me the policy would have to come in from Raleigh. I said, 'I can wait until they go and come back.' In the meantime I asked him to let me leave a deposit. I asked him about three times during the conversation I would feel better knowing I had insurance if he would take a deposit on the insurance and he assured me that it wasn't necessary like I know that you know you can pay it when the policy come and the books comes back with it and so forth. He said, 'Leave everything just like it is.' "

The amount of insurance being sought by plaintiffs was $15,000 for the house and $3,000 for its contents. Before leaving defendant's office Mrs. Leggett signed a paper which she did not read.

Defendant never contacted plaintiffs, but plaintiffs contacted defendant on several occasions, and they were informed that the policy had not come. On 3 December 1971, plaintiffs' house burned.

Marvin Wilson, an employee of the North Carolina Fire Insurance Operating Bureau, testified that on 18 November 1971

Leggett v. Cotton

he received an application, dated 17 November 1971, for plaintiffs' fire insurance. He stated that the application showed on its face that it was in no way a binding insurance contract.

At the close of plaintiffs' evidence the court granted defendant's motion for a directed verdict, and plaintiffs appealed.

*Dees, Dees, Smith, Powell and Jarrett, by John W. Dees, for plaintiff appellants.*

*Smith, Anderson, Blount and Mitchell, by Samuel G. Thompson, for defendant appellee.*

ARNOLD, Judge.

[1]  Plaintiffs in this case alleged that defendant did not use reasonable diligence in performance of his promise to procure fire insurance. "It is well established in this State that, if an insurance agent or broker undertakes to procure for another insurance against a designated risk, the law imposes upon him the duty to use reasonable diligence to procure such insurance and holds him liable to the proposed insured for loss proximately caused by his negligent failure to do so." *Mayo v. Casualty Co.,* 282 N.C. 346, 353, 192 S.E. 2d 828 (1972); *Wiles v. Mullinax,* 267 N.C. 392, 148 S.E. 2d 229 (1966); *Kaperonis v. Underwriters,* 25 N.C. App. 119, 212 S.E. 2d 532 (1975); *Musgrave v. Savings and Loan Assoc.,* 8 N.C. App. 385, 174 S.E. 2d 820 (1970). The plaintiffs have the election to sue for breach of contract or in tort for negligence to enforce liability. *Johnson v. Tenuta & Co.,* 13 N.C. App. 375, 185 S.E. 2d 732 (1972), citing *Bank v. Bryan,* 240 N.C. 610, 83 S.E. 2d 485 (1954).

[2]  " '[T]he better considered decisions on the subject are to the effect that while the agent or broker in question was not obligated to assume the duty of procuring the policy, when he did so, the law imposed upon him the duty of performance in the exercise of ordinary care, . . . . ' [Citation omitted] 'If a broker or agent is unable to procure the insurance he has undertaken to provide, he impliedly undertakes—and it is his duty—to give timely notice to his customer, the proposed insured, who may then take the necessary steps to secure the insurance elsewhere or otherwise protect himself. [Citations omitted.] When under these circumstances, the broker fails to give such notice, he renders himself liable for the resulting damage which his

client suffered from lack of insurance.' " *Musgrave v. Savings and Loan Assoc., supra,* at 393.

[3]  In considering whether the trial court erred in directing a verdict for the defendant in a jury case we must view the evidence in the light most favorable to plaintiffs. Evidence appears that defendant undertook the procurement of fire insurance for plaintiffs, and that two weeks expired before he forwarded the application for plaintiffs' insurance to the Fire Insurance Operating Bureau. Moreover, it appears from the evidence that plaintiffs were given no notice concerning the delay in forwarding the application, which had to be approved before coverage could be provided, but were told instead that the policy had not arrived. Whether this evidence was sufficient to prove that defendant failed to exercise reasonable diligence to procure the insurance was for the jury.

The judgment directing verdict for defendant is

Reversed.

Judges MORRIS and HEDRICK concur.