The undersigned have reviewed the motion for reconsideration. Defendant Tom Greene d/b/a Greene Insurance Agency has shown good ground to reconsider the Full Commission's Order filed June 13, 1996. Upon reconsideration, the Full Commission strikes its previous Order and affirms the Opinion and Award of Deputy Commissioner Jan N. Pittman. Further, the Full Commission enters an Order regarding further proceedings.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Defendant-Tom Greene d/b/a Greene Insurance Agency is a business which acts as a sales broker for various insurance companies. Greene Insurance Agency itself does not provide insurance coverage of any kind but rather is engaged in the procurement of insurance from licensed insurance carriers for its clients. Greene Insurance Agency sells all types of personnel and commercial insurance including workers' compensation coverage.
2. On June 30, 1993, Mr. Bill Payne on behalf of Payne Roofing Contractors contacted Greene Insurance Agency in order to obtain commercial liability and workers' compensation insurance. Payne Roofing Contractors operated as a subcontractor on construction job sites. On June 30, 1993, Mr. Payne filled out an application for workers' compensation coverage through Greene Insurance Agency and paid $600.00 towards the total premium due for said coverage.
3. Subsequently, Payne Roofing Contractors was issued two certificates of insurance by Greene Insurance Agency indicating that Payne Roofing Contractors had obtained workers' compensation insurance through Scottsdale Insurance Company and the North Carolina Rate Bureau. The first certificate had an issue date of July 19, 1993 and the second had an issue date of July 24, 1993. Both certificates of insurance noted effective dates of coverage of July 1, 1993-July 1, 1994.
4. However, despite the certificates of insurance showing coverage for Payne Roofing Contractors with Scottsdale Insurance Company, Scottsdale Insurance Company did not provide workers' compensation coverage for defendant-Payne Roofing Contractors.
5. Plaintiff, an employee of Payne Roofing Contractors, sustained an injury by accident arising out of and in the course of his employment with Payne Roofing Contractors on August 19, 1993.
6. Defendant-Greene Insurance Agency did not actually purchase until September 9, 1993 workers' compensation coverage for defendant-Payne Roofing Contractors when they issued to Payne Roofing Contractors an insurance policy through Liberty Mutual Insurance Group for a period of coverage from September 10, 1993-September 10, 1994.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 97-2 (7) defines an insurance "carrier" or "insurer" as "any person or fund authorized under N.C. Gen. Stat. § 97-93 to insure under this Article, and includes self-insurers". N.C. Gen. Stat. § 97-2 (7).
2. Regarding the issue of whether or not defendant-Bill Payne d/b/a Payne Roofing Contractors possessed workers' compensation insurance coverage on August 19, 1993 as evidenced by the certificates of insurance given to said defendant by defendant-Tom Greene d/b/a Greene Insurance Agency, the general contractor and its workers' compensation carrier would be a necessary party for the Industrial Commission to obtain jurisdiction of this matter as there was no policy issued by defendant-Greene Insurance Agency to defendant-Payne Roofing Contractors. Therefore, this claim as its presently stands only represents a claim based upon an alleged misrepresentation to defendant-Payne Roofing Contractors by defendant-Greene Insurance Agency over which the Industrial Commission does not have jurisdiction. N.C. Gen. Stat. § 97-91; See Wiles d/b/a CenterviewTaxi v. Mullinax and Mullinax Insurance Agency, 148 S.E.2d 229,267 N.C. 392 (1966).
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
ORDER
1. As the Industrial Commission lacks jurisdiction over the defendant-Tom Greene d/b/a Greene Insurance Agency, said defendants' motion to dismiss is hereby GRANTED with respect to this defendant.
2. Notwithstanding this Opinion and Award, plaintiff is not prevented from refiling his claim in this matter against the general contractor and its workers' compensation carrier and/or the sub-contractor defendant-Bill Payne d/b/a Payne Roofing Contractors, non-insured. Upon the filing of an Industrial Commission Form 33, Request for Hearing, with the addition of the proper parties, this case shall be reset before a Deputy Commissioner for a de novo hearing on the merits.
3. Each side shall bear its own costs.
 S/ ________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ________________ THOMAS J. BOLCH COMMISSIONER
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN